Curtis v. Winslow.

RAPHAEL CURTIS v. WILLIAM WINSLOW.

[ IN CHANCERY.]

*Chancery.    Injunction.    Nuisance.*

The court of chancery has authority to grant injunctions to restrain parties from the use of their own land and buildings for trade and purposes in themselves lawful, but necessarily so noxious, unhealthy, dangerous or unwholesome to the occupants of neighboring buildings as to destroy, or seriously and substantially to impair, their value for the purposes for which they were designed.

In this case the facts are held not to warrant an injunction.

Where a party buys land of another and builds a house thereon with notice of the intention of the latter to erect a barn near by on land adjoining, he cannot *at equity* abridge the latter in the exercise of his *lawful* right to erect the barn, on the ground of its being a nuisance.

THE opinion of the court was delivered by

STEELE, J.    This case comes before the court upon appeal from the court of chancery.

The orator prays for a perpetual injunction to restrain the defendant from completing, using and occupying as a barn a building which he was finishing at the time the preliminary injunction was granted.    The defendant's barn is situated upon his land in the village of White River.    He has left space for a garden between the barn and his house.    The barn is 24 feet front by 20 feet back.    It is one story in front and one story and a basement in rear.    The gable fronts the street, and the roof slopes on one side towards the orator's house and on the other towards the defendant's.    It is built

Curtis v. Winslow.

9 feet, 10 inches from the orator's house. It is as far from the division line, between the orator and the defendant, on the one side, as the orator's house is on the other. The orator's house is 40 feet front by 20 feet back, with two stories and a basement. The orator's house has a door and windows in the end towards the defendant's barn in question, and it is occupied in part by the orator and his family and in part by tenants.

The barn is intended to be used for the ordinary purposes of a barn in a country village. Two horses were kept in it a short time ; the manure was thrown into the basement cellar. The orator's tenants complained of the smell and noise, and an injunction was thereupon prayed out and served upon the defendant.

The defendant is charged in the bill with malice in erecting his barn so near the orator's house, but the proof does not establish it. It appears that he chose that point as the site for his barn because it would leave his garden between his house and barn unbroken, and because the land, on which it was located, was worth less than the rest for gardening purposes. He appears rather selfish than malicious in his selection of a location. The value of the orator's house would be lessened by the use of the defendant's property for the purpose intended. These are the leading facts of the case ; others appear which do not substantially vary the force of these.

The jurisdiction of the court of chancery in matters of this nature we think, cannot be questioned. The court of chancery has authority to grant injunctions to restrain parties from the use of their own lands and building for trades and purposes in themselves lawful, but necessarily so noxious, unhealthy, dangerous or unwholesome to the occupants of neighboring buildings as to destroy, or seriously and substantially to impair, their value for the purposes for which they were designed. This power has been exercised to restrain the operation of smelting works, slaughter houses, forges, dryhouses, tanneries and other similar establishments. No exact rule can well be established for the government of these cases. Each application for the exercise of this extraordinary power is addressed to the judgment of the court upon its own peculiar facts.

A right to this remedy does not necessarily follow from a right to an action at law for the injury, and an action at law need not precede

it in many cases.  *Dana* v. *Valentine*, 5 Met. 8 ;  *Solteau* v. *DeHeld*, 9 E. L. & Eq. 104–117 ; *Lyon* v. *McLaughlin*, 32 Vt. 423.

Certain leading considerations, beside the proximity and use of the property complained of, enter generally into the determination of these cases.   Among these are the character of the property which asks protection ; one slaughter house would not be harmed by another ; the priorty of use ; one who voluntarily builds under the eaves of a building used for a noxious but lawful trade, cannot complain of it as reasonably as if his own building was erected first ;— the general location—what is inconvenient in a small village might be intolerable in a crowded city ; the relative loss to the parties, for the restraint of a lawful use ought not generally to be decreed, to the great loss and injury of the defendant where the injury to the orator, which is sought to be avoided, is relatively small.  *Solteau* v. *DeHeld*, 9 Eng. L. & Eq. p. 122 *et seq.* and cases cited by Kindersley V. C. ; *Walter* v. *Selfe*, 4 Eng. L. & Eq. 15 ; *Whitney* v. *Bartholemew*, 21 Conn. 218 ; *Mohawk & H. R. Co.* v. *Archer*, 6 *Paige*, 83.

In this case we do not think the facts would warrant an injunction.  The occupation of the building as a barn may prove inconvenient to the orator and the selection of this site may not have been commendable in the defendant, yet we do not think the erection of a barn of this size and at this distance from a house, in the manner and under the circumstances detailed, so unusual, or, if the barn is properly used, so manifestly and seriously injurious, as to come within the cases in which this relief is granted.  Any building may be so improperly used as to become a nuisance to those near it, and in such cases there is no difficulty in obtaining relief.

There is another ground upon which the court must refuse the prayer of this petition.  The orator purchased the land upon which his house is built of the defendant, and we think it is established by a fair balance of testimony that he, at the time of his purchase, was notified by the defendant and bought with the understanding that it was the defendant's purpose to erect the barn, as he since has. This understanding does not amount, it is true, to an agreement upon which an action would lie, but, as a notice, it constitutes a sufficient answer to the equity of the orator's complaint.   The defendant had a right *at law* to erect a building for any legal use or trade upon his

own land. The orator buys part of the defendant's land and builds a house with notice of the defendant's intention. He must be supposed to be satisfied with it. After a purchase under such circumstances he cannot *at equity* abridge the defendant's exercise of his *lawful* right. 3 Daniels Ch. Pl. & Pr. (Perkins' Ed.) p. 1744, note and cases cited.

The *pro forma* decree dismissing the bill is affirmed and the cause is remanded to the court of chancery to be perfected.

*W. C. French,* for the orator.

*Pingree Brothers,* for the defendant.