No. 9645.

## KEISER ET AL. *v.* LOVETT.

NUISANCE.—*Horse Stable.*—A stable is not a nuisance *per se*, and a court of equity will not, at the instance of an adjoining lot-owner, whose residence and well are twenty-five or thirty feet distant from defendant's wood and carriage house, erected upon his own premises, enjoin him from constructing a horse stable therein, where the stable may never be used, and where its use may not injuriously affect such person, his family or his property.

SAME.—*Complaint.*—A complaint, in an action to enjoin the erection of a horse stable upon an alley by an abutting property-owner, alleging the obstruction of the alley by such building, and in such proximity to the plaintiff's residence that, if used for such purpose, it will endanger the health of himself and family, and render his property useless as a residence, is sufficient on demurrer.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

BEST, C.—This action was brought to enjoin the appellants from erecting a stable near the residence of the appellee.

The parties own adjoining lots in the city of Anderson, fifty feet in width, between which there is a graded and gravelled way eight feet wide, in which each has an easement, and which is used by them in common as the only way from the street on the front to the rear of their respective lots. The complaint avers that the appellants are obstructing this way by erecting a stable thereon so near the appellee's residence that if used for such purpose, as threatened, it will diminish the value of his property, endanger the health of himself and family, and will render his property useless as a residence.

A demurrer to the complaint was overruled; an answer filed; a trial had; a finding made for the appellee; and, over motions for a new trial and in arrest, final judgment was rendered upon the finding, perpetually enjoining the appellants

from erecting and using such building for a stable, but not from erecting it and using it for any other purpose.

The demurrer to the complaint and the motion in arrest of judgment present the same question, and that is, whether the complaint states facts sufficient to constitute a cause of action.

Without setting out the complaint more fully, we will say that the averments as to the threatened use of the stable, coupled with the averments as to the obstruction of the graded and gravelled way, were sufficient, in our opinion, to constitute a cause of action, and that the demurrer and the motion in arrest of judgment were properly overruled.

The motion for a new trial embraced many reasons, and, among others, it was insisted that the finding was not sustained by sufficient evidence, and was contrary to law. These reasons were, in our opinion, well assigned, and the others will not be noticed.

The material facts are undisputed. The appellee owned and resided with his family upon a lot 50 feet wide by 216 deep, fronting north on a public street, in the city of Anderson. The appellants owned and resided upon the adjoining lot upon the west. This lot was 50 feet wide and 108 feet long. Between these lots, and occupying a strip four feet wide off each of them, there was a graded and gravelled way eight feet wide, extending from the street in front to the street in rear of the appellee's lot. This way was closed by a gate at each street, and by one at the rear of appellants' lot. The appellants had procured the material, employed a carpenter, and had raised the frame of a building at the southeast corner of their lot, on a line with the west side of the graded way, 15 feet in width, east and west, by 30 feet in length, north and south. This frame was 16 feet high, was to be covered with a shingle roof of the ordinary pitch, enclosed and divided as follows: A room 14 feet in width off the north end was to be used for a wood-house and store room; the next 8 feet was to be finished for a buggy shed, and the residue for a horse stall.

The place where the stall was to be constructed was, accord- ing to the appellee's testimony, 25 or 26 feet from his well,. and 28 or 29 feet from the corner of his house. According to the testimony of others, it was nearly twice this distance. The appellants did not own a horse, nor did they have one. No threats were made about the manner of keeping one. Nothing at all was said about keeping a horse except by the appellant Samuel. When he directed the carpenter to fix the stall, he said to him, that if he ever got a horse he would use the stall, and he said to a neighbor, who enquired of him what he intended to build, that " he was going to put up a wood- shed, a buggy-shed, and a place to keep a horse when he wanted to keep one." There was some testimony tending to show in what manner the appellee's property would be af- fected if a stable should be kept, as stables are usually kept, where this frame was erected; but as there was no evidence whatever that the appellants threatened to keep such stable, or contemplated any such thing, these opinions were mere con- jectures, based upon an assumed state of facts that had no. foundation whatever in the evidence, and, therefore, can not possibly support the finding. The facts are, that appellants. intended to construct a stall for a horse in a building they proposed to erect within the distance averred from appellee's residence. The mere construction of the stall is not a nuisance, and appellants can not be enjoined from building it. Its char- acter depends upon the manner in which it shall be used. The manner of its use is now wholly problematical. Indeed, its use at all depends upon a contingency that may never arise; and, if it ever arises, the stall may be so finished and so used that its use may in no manner affect injuriously the appellee, his family or his property. A stable is not a nuisance *per se.* *Curtis* v. *Winslow,* 38 Vt. 690; *Burditt* v. *Swenson,* 17 Texas, 489; *Shiras* v. *Olinger,* 50 Iowa, 571 (32 Am. R. 138).

Whether it is or not, depends upon the mode of its con- struction, its proximity to residences, and the manner in which

Keiser *et al. v.* Lovett.

it is used.  *Aldrich* v. *Howard,* 7 R. I. 87 ; *Kirkman* v. *Handy,* 11 Humph. 406 ; *Flint* v. *Russell,* 5 Dillon C. C. 151.

An injunction will not be granted where the apprehended injury is merely contingent.   *Cleveland* v. *Citizens, etc., Co.,* 20 N. J. Eq. 201 ; *Rhodes* v. *Dunbar,* 57 Pa. St. 274 ; Wood Nuisances, section 789.

This is especially true where the anticipated injury arises from the use to which the property is to be put, and not from the nature of the structure itself.   *Duncan* v. *Hayes,* 22 N. J. Eq. 25 ; *Flint* v. *Russell,* 5 Dillon C. C. 151.

Courts of equity will not, in advance, enjoin the erection and use of a building when the use of it may not prove essentially injurious to others.   *Loring* v. *Small,* 50 Iowa, 271. (32 Am. R. 136) ; *Curtis* v. *Winslow,* 38 Vt. 690.

In this case there was no evidence that the building obstructed the graded and gravelled way.   There was some dispute whether the frame, when first erected and when the suit was commenced, did not extend a few inches over the west line of the graded and gravelled way ; but the frame was at once moved and placed entirely upon the appellants' premises, so that at the trial there was no claim that it in any manner obstructed the way.   The right to recover depended entirely upon the fact whether the stall, when constructed and used, would constitute a nuisance, and this, as we have shown, was contingent and uncertain.   Under such circumstances an injunction will not be granted.   The evidence was insufficient, and the motion for a new trial should have been sustained. For this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial.