Bowen v. Mauzy.

---

No. 13,478.

BOWEN v. MAUZY.

INJUNCTION.—*Lawful Business.*—*Nuisance.*—In order that a person may be restrained by injunction from commencing the operation of a business in itself legitimate, it must appear that the defendant threatens and intends to conduct the business in a manner which will constitute a nuisance.

SAME.—*Blacksmith Shop.*—*Complaint by Adjacent Proprietor.*—*Presumption that Business will be Properly Conducted.*—The business of blacksmithing and horse-shoeing is lawful and not in itself a nuisance, and the presumption is that one about to engage therein will conduct the same in a proper manner; therefore, a complaint for injunction alleging that the defendant is constructing a building on his lot adjacent to the plaintiff's residence for the purpose of carrying on such business, is bad if it fails to aver as a fact that the defendant threatens or intends to conduct the same improperly, or that it can not be conducted at such place without material injury to the plaintiff.

From the Rush Circuit Court.

*W. A. Cullen, D. S. Morgan* and *H. E. Barrett,* for appellants.

*C. Cambern, T. J. Newkirk, J. Q. Thomas* and *B. L. Smith,* for appellee.

OLDS, J.—This action was brought in the Rush Circuit Court for injunction to enjoin the defendants from converting a house adjoining the plaintiff's residence into a blacksmith shop.   The plaintiff avers in his complaint that he is the owner in fee of city lot 68, in the town of Rushville, and has his residence property thereon, and resides in the same with his wife and family, and has resided there for a long number of years in peace and quiet; that defendant Bowen is the owner of lot 67, in said town, and situated thereon immediately west of the plaintiff's residence, and twenty-eight feet from the front door thereof, there is an old one-story frame shop which the defendants Bowen and Kirkpatrick are converting into a public blacksmith shop, for the purpose of shoeing horses and doing a general blacksmithing business; that the erection and maintaining of a blacksmith shop at such place will destroy the free use of the plaintiff's property, and will essentially interfere with the comfortable enjoyment of the lives of himself and family and his property; that if it is allowed to be maintained the gases and smoke from the forges in the shop will at all times fill his house with smoke and smells unbearable and offensive to the senses and very injurious to the health of himself and family, to such an extent that he will have to abandon his property; that the noise, clatter, loud and boisterous language that will be used in and around the shop, the accumulation of vehicles and filth in and about the shop, will destroy the free use of the plaintiff's property and make life a burden to himself and family; all of which would be very offensive, injurious and detrimental to the health of plaintiff and his family, and which would be to his great damage in the sum of $2,-000.   Prayer for an injunction perpetually enjoining the de-

fendants from erecting, maintaining or using the building as a blacksmith shop.

The defendants below filed a motion to strike out parts of the complaint, which was overruled; exceptions. They then filed a demurrer to the complaint, which was overruled by the court, to which action of the court in overruling the demurrer the defendants excepted and refused to amend, and the court rendered judgment in favor of plaintiff against the defendants, perpetually enjoining them from using the building as a blacksmith shop.

The defendants objected and excepted to the judgment, and the defendant Bowen appeals to this court.

The only error assigned and relied upon by counsel for the appellant is the overruling of the demurrer to the complaint.

The material averments in the complaint are, that the appellee is the owner of lot 68, in the town of Rushville, on which he resides and has resided with his family for a long number of years; that the appellant, Bowen, is the owner of lot 67, adjoining lot 68, and twenty-eight feet distant from appellee's residence. On appellant's lot there is a frame shop, which appellant Bowen and Kirkpatrick are converting into a public blacksmith shop for the purpose of shoeing horses and doing a general blacksmithing business. The additional allegations are mere conclusions, assuming that by reason of converting the building into a blacksmith shop for shoeing horses and doing general blacksmithing, it will destroy the free use of appellee's property, essentially interfere with the comfort of himself and family, and that smoke from the forges will fill his house and be unbearable and offensive to the senses and injurious to the health of himself and family.

In a proper case an injunction will lie to prevent the use of property for operating a business which is a nuisance *per se*, and even to be used for a business not a nuisance *per se*, if threatened and intended to be conducted in an improper manner, so as to constitute a nuisance. An injunction will

lie to prevent a nuisance threatened and in progress, as well as to abate one already in existence. See *Keiser* v. *Lovett*, 85 Ind. 240; *Appeal of Czarniecki*, 11 Atl. Rep. 660; *Cleveland* v. *Citizens Gas Light Co.*, 20 N. J. Eq. 201; *Biddle* v. *Ash*, 2 Ashm. 211.

In the well considered case of *Owen* v. *Phillips*, 73 Ind. 284, the court says: " It is not every injury which will support an action for damages that will entitle the complainant to relief by injunction," citing numerous authorities in support of that doctrine and then adding : " There are solid reasons supporting this rule. A lawful business may be so conducted as to become a nuisance, but, in order to warrant interference by injunction, the injury must be a material and essential one. Damages may he paid by the author of the nuisance and the business not be stopped, but if injunction issues then the right to conduct the business is at an end. The necessity which will authorize the granting of the writ of injunction, to restrain the carrying on of a business lawful in itself, must be a strong and imperious one. If it were otherwise, all mills and manufactories might be stopped at the demand of those to whom they caused annoyance, even though the injury complained of might be slight and trivial."

It is well settled that courts of equity will not interfere to restrain a legitimate business except when the injury is material and the reasons for granting an injuntion are strong and weighty.

In the case of *Cleveland* v. *Citizens Gas Light Co.*, *supra*, the learned chancellor says : " It is usual and proper where a building or works are being erected that can only be used for a purpose that is unlawful, to restrain the erection. The works, if erected, might tempt the owner to use them, and it seems like trifling to permit any one to go on with a building which he can never be permitted to use. But in this case, as will appear hereafter, I am not entirely satisfied that it is impossible to manufacture gas in some way that

will not be a nuisance to houses situate as those of the complainants, and therefore I do not feel justified in restraining the erection of buildings, but will permit the defendants to use their own discretion in going on with them, if they choose to do so, after hearing the views entertained of the rights of the complainants and others in like situation." This case is cited and approved by this court in *Keiser* v. *Lovett, supra.*

Applying this doctrine to an application to restrain the entering into a lawful business, it is necessary, in order to restrain a person from commencing the operation of a business in itself legitimate, that it should be made to appear that the person about to enter into such business threatens and intends to conduct the business in a manner which will constitute a nuisance.

If such facts are not shown as to make it appear affirmatively that he intends to conduct the business in a manner so that it will constitute a nuisance, it will be presumed that he will conduct the business properly and so that it will not interfere with the rights of others, and courts of equity will not interfere by injunction, under the rules of law we have stated. The affirming or reversing of this case depends upon the construction to be given to the complaint.

It is contended by the appellee that the demurrer admits the truth of all the allegations in the complaint, and that it admits that the shoeing of horses and conducting a general blacksmithing business at the place proposed, will destroy the free use of appellee's property, and essentially interfere with the comfortable enjoyment of the lives of appellee and his family; that the gases and smoke from the forges will fill his house with smoke, boisterous language be used, and filth accumulate, etc.

The demurrer admits the truth of all the facts stated in the complaint, but it does not admit the mere conclusions of the pleader drawn from the facts stated. The business of blacksmithing is a lawful business, and is not in itself a nuisance, and like any other lawful business only becomes so

when conducted in an improper way, to the material and essential injury of others.

The presumptions are that the person entering into and conducting such business will conduct it in a proper way, so that it will not constitute a nuisance or injure and annoy the adjoining property-owners.

The material facts stated in the complaint, which bear upon the question of a nuisance and are admitted by the demurrer, are the proximity of the building to the plaintiff's residence, and that the defendants are about converting the building into a blacksmith shop to do horse-shoeing and general blacksmithing; then without alleging that the business can not be conducted in such a way as to not be detrimental to the appellee, or that the appellant was threatening or intending to conduct the business in an improper way, by reason of which improper use of the same essential injury and damage would result to the appellee, it is not alleged but that he could and would so construct the building as to prevent all injury. There are no allegations as to the manner in which the building is to be constructed. After alleging the fact that appellant intends to conduct a general blacksmithing business, it is inferred and stated that all the imaginary injuries named will follow as the natural and usual result of the business. The inferences drawn by the pleader are prospective and imaginary; for aught that appears from the complaint, they may or may not arise, owing to the construction of the building and the manner in which the business is conducted. The demurrer admits the legitimate inferences to be drawn from the facts stated, and, in the absence of threats or intentions on the part of the appellant to do otherwise, the presumptions are that he would construct the building and conduct the business in a proper way, so as not to work annoyance to adjoining property-owners, or so as not to constitute a nuisance.

To hold the complaint good would be to hold that any complaint would be good to enjoin any legitimate business

by alleging that the complainant owned and resided upon a lot, and the adjacent lot-owner was about erecting a building on his lot in close proximity to the complainant's residence to carry on mercantile or other lawful business which would be patronized by the public, and drawing like inferences to those drawn in this complaint, without averring that the person threatened or intended conducting the business in an improper way, or that it could not be conducted at such place without injury and damage to the complainant. Like imaginary inferences might be alleged as to almost any legitimate business.

The appellee cites the case of *Keiser* v. *Lovett, supra,* in support of this complaint. In that case the complaint averred that, between the lots of plaintiff and defendant, there was a gravelled way eight feet wide, in which each had an easement and which was used by them in common, and which was the only way from the front to the rear of their respective lots, and that defendant was obstructing the way by the erection of the stable, and the court held the complaint good by reason of that allegation being coupled with the others.

The court erred in overruling the demurrer to the complaint, and the judgment is reversed, with instructions to sustain the demurrer to the complaint.

Filed Jan. 12, 1889 ; petition for a rehearing overruled March 12, 1889.