Filed March 3, 1896.

---

No. 17,476.

DALTON *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO.

| 144 | 121 |
|-----|-----|
| 148 | 417 |

INJUNCTION.—*Nuisance.*—*Erection of Building.*—The erection of a building which will not of itself constitute a nuisance, will not be enjoined because the use to which it is designed to be put would constitute such a nuisance.

From the Vigo Circuit Court.

*L. S. Dalton* and *S. C. Davis*, for appellant.

*B. K. Elliott* and *W. F. Elliott*, for appellee.

HACKNEY, C. J.—The lower court denied the appellant's petition for an injunction, and that ruling is here presented as error arising upon the evidence. By the petition it was alleged that the appellant owned a lot in the village of Fontanet, on the line of appellee's railway and adjacent to its right-of-way, upon which lot appellant maintained a building for the combined purposes of a business house, a dwelling and a meeting place for social and benevolent societies; that the appellee was proceeding in the erection of a structure, opposite and very near to the appellant's building, to be used as a coal chute for coal-

ing its locomotives; that from the height and character of the structure it would greatly impair the access, the view, the light and the air to her building; that its use for the purposes aforesaid would cause unusual, loud, and offensive noises constantly, by day and by night, disturbing the sleep and impairing the use of the appellant's building for business, social, and residence purposes; that the use of said coal chute would produce great quantities of dust which would be blown into appellant's building, injuring the furniture, the stock in trade and the comfortable enjoyment of living within it; that the storage and handling of the coal would bring to appellant's premises and within her building the fumes of sulphur and the odors of other gases injurious to health and destructive of business in her building; that the escaping of steam, soot and smoke from the locomotives, frequently taking coal at said chute would not only disturb the occupants of her building by the noise, but would enter the building, to the annoyance and discomfort of the occupants; that said locomotives would drop fire about said chute, exposing it to destruction, greatly increasing the hazards from fire to her buildings. From these alleged causes general and special damages are alleged, and it is prayed that the further construction of said coaling station be enjoined.

There is no evidence that the structure will materially obstruct or impair the enjoyment of the appellant's property with respect to any of the easements in light, air or access. It is wholly within the appellee's right-of-way, does not reach the highway upon which the appellant's lot fronts, and the building proper is not directly opposite to appellant's building, though a trestle, upon which cars are to be stored for unloading, does extend to a point near to

said highway and directly south of the appellant's building. There being no such evidence, the appellee insists that though there may be conflict in the evidence upon the alleged injurious uses of the structure, this court should not pass upon such conflict, and that conceding such future uses to be injurious to the appellant and her property, a court of equity may not enjoin the erection of the structure, and that, at most, such uses only would be enjoined. Since it is the erection of the structure that is sought to be enjoined and not the uses of the structure, the appellee's proposition suggests a very important inquiry. The appellant's only answer to this proposition is that to permit, without question, the erection of the structure and the investment therein of a large sum of money, would be asserted by the appellee as an effective estoppel to thereafter question the uses for which the structure was designed. It is not necessary that we should decide to what extent the appellee might, by estoppel, acquire the vested right to conduct and continue a nuisance, for it seems to us plain that the appellant, to avoid an estoppel, was not required to institute this suit, but could have given such notice of opposition to the structure and protest against such future uses as to have been free from the charge of laches. No issue was made upon the pleadings or the evidence as to the uses to which said structure might be employed, other than for coaling purposes, and we have no means of knowing that the company could not use it for other and legitimate purposes. We do not decide, however, that an injunction should be granted to prevent the erection of a building, not of itself a nuisance, though the owner could make no other use of the building than that which would constitute a nuisance. On the contrary, we are impressed

that a structure not in itself a nuisance, may be erected without interference from the courts, if the owner will invest with the chance of a denial of his right to conduct within it a particular business or use which may be declared a nuisance, or the further chance that he may not find a use for it which will not prove a nuisance.

The courts have no privilege to deny one the right to expend his money unwisely or to erect such buildings upon his lands as do not materially interfere with the reasonable enjoyment by others of their property. That appellant might have sought, in this suit, to restrain unlawful uses of the structure is not questioned, but that she did not do so is free from the slightest doubt. In Wood. Nuisances, section 997, it is said: "But if the bill seeks to enjoin the erection of a building upon the ground that its use will be a nuisance, it must be alleged in the bill and proved upon the trial that the building itself will be a nuisance, and that it can be devoted to no use except such as will be productive of such results." This proposition is supported by the case of *Cleveland* v. *Citizens, etc., Co.,* 20 N. J. Eq. 201. The case in hand does not meet the requirements of this proposition, though, as we have said, this proposition is as liberal as the appellant could require. In addition to the authority cited, see *Keiser* v. *Lovett,* 85 Ind. 240; *Bowen* v. *Mauzy,* 117 Ind. 258; *Robinson* v. *City of Valparaiso,* 136 Ind. 616. Each of these cases recognizes the rule that equity will not restrain that which is not a nuisance upon the claim that it may be so used as to constitute a nuisance. In this view of the case it is unnecessary to pass upon the sufficiency of the evidence to estab-

lish the allegations that from soot, steam, dust, gases and noise the coaling of locomotives will become a nuisance.

There being no available error in the record, the judgment of the circuit court is affirmed.

