INCORPORATED TOWN OF ROCHESTER *v.* WALTERS ET AL.

[No. 3,829.   Filed June 25, 1901.]

INJUNCTION. — *Municipal Corporations.* —*Violations of City Ordinance.*—*Fire Limits.*—An action cannot be maintained by a municipal corporation to enjoin a property owner from erecting a wooden building within the fire limits solely on the ground that the erection of the building would be a violation of a city ordinance.

From Fulton Circuit Court; *A. C. Capron,* Judge.

Suit by town of Rochester to enjoin John Walters and others from constructing wooden building within fire limits in violation of ordinance. From a decree in favor of defendants, plaintiff appeals. *Affirmed.*

*J. H. Bibler,* for appellant.

*I. Conner* and *J. Rowley,* for appellees.

ROBINSON, J.:—An ordinance of appellant made it unlawful to erect a wooden building of any description whatever within certain designated limits prescribed in the ordinance; and provided a penalty for the violation of the ordinance. Appellant sued to enjoin appellee from erecting a wooden building within the designated limits. A demurrer to the complaint was sustained, and the only question presented is the right of appellant to maintain such an action.

The only ground upon which an injunction was asked was because the erection of the building would be a violation of the ordinance. It is perhaps true that a municipality might restrain the erection or maintenance of anything within the corporate limits that was in and of itself a nuisance, or if the erection of the building would work special and irreparable injury to the municipality or to its property. But in the case at bar the erection of the prohibited building within the fire limits was not a nuisance *per se,* and the injunction was asked simply because the contemplated act was a violation of the ordinance. A city ordinance has to the people within its reach all the force and effect of a legislative enactment. The ordinance in question provides a penalty for its violation, and neither the municipality nor a private citizen can ask a court of equity simply to enforce the ordinance by injunction. The reasoning that would permit such a proceeding would authorize a court of equity to restrain by injunction the violation of a criminal statute.

In the cases of *Village of St. Johns* v. *McFarlan,* 33 Mich. 72, 20 Am. Rep. 671; *Village of Waupun* v. *Moore,* 34 Wis. 450, 17 Am. Rep. 446, and *Mayor of Manchester* v. *Smyth,* 64 N. H. 380, 10 Atl. 700, 18 Am. & Eng. Corp. Cases 474, it was held that a court of equity has no jurisdiction to restrain the threatened violation of an ordinance unless the threatened act would, if carried out, be a nuisance. It is seen that in the above cases the injunction was sought by the

municipality or its officers. Whether or not these cases intend to deny the right of an individual to maintain such an action under certain circumstances although the threatened act may not be a nuisance *per se,* it is held in this State that an individual may maintain the action if he shows an express violation of the ordinance, although the act is not a nuisance *per se,* and shows in addition that the threatened act will work special and irreparable injury to him and to his property. *First Nat. Bank* v. *Sarlls,* 129 Ind. 201, 210, 13 L. R. A. 481, 28 Am. St. 185.

In *First Nat. Bank* v. *Sarlls, supra,* the court said: "As a rule, a court of equity will not, at the suit of a city, restrain by injunction the threatened violation of an ordinance of such city regulating the erection of buildings for the purpose of greater security against damage by fire. * * * Nor will the courts thus interfere, at the suit of an individual, when such interference is sought solely for the enforcement of the ordinance, and not because of special damages threatening the party asking such interference."

The demurrer was properly sustained. Judgment affirmed.