SIEGEL *v.* WAYNE CIRCUIT JUDGE.

1. INJUNCTION—PROPRIETY—PROSPECTIVE NUISANCES.
   On a bill to enjoin the erection of a building, on the ground
   that it would constitute a nuisance to adjoining property
   owners, it appeared that the lot on which such building was
   to be erected was subject to no building restrictions and was
   in a locality which was passing from a strictly residential to
   a business district; that the erection of the building itself
   was no injury to complainants' rights. *Held,* that the issu-
   ance of an injunction restraining the erection of said build-
   ing because of the business which was proposed to be carried
   on therein was not warranted.

2. SAME—DISCRETION OF TRIAL COURT—MANDAMUS.
   While the discretion of the trial court in issuing and continu-
   ing in force a temporary injunction should not be lightly in-
   terfered with, facts and circumstances showing that defend-
   ants' rights could not be preserved if compelled to wait for a
   final determination and decree justify a resort to a writ of
   mandamus to vacate an injunction improvidently issued.

Mandamus by Benjamin Siegel and another to compel
Joseph W. Donovan, circuit judge of Wayne county, to
dissolve an injunction. Submitted January 26, 1909.
(Calendar No. 23,221.) Writ granted February 2, 1909.

*Stevenson, Carpenter & Butzel,* for relators.

*Geer, Williams, Martin & Butler,* for respondent.

BROOKE, J.    The petitioners ask a mandamus against
the respondent to set aside an order for an injunction.
The petitioners are owners of a lot 60 feet wide, lying on
the east side of Woodward avenue, and about 60 feet
south of Brady street in the city of Detroit.    Up to the
time the bill of complaint upon which the injunction was
issued was filed there was upon said premises a residence
and outbuildings used in connection therewith.    Petition-
ers leased said premises under an agreement to erect

thereon a two-story building covering substantially the entire lot, to be used by their lessees as an automobile garage, and commenced to raze the old residence and outbuildings on said lot. Thereupon Frank Scott Clark, owning premises immediately to the north of the lot owned by petitioners, and Elizabeth M. Frelinghuysen, owning the premises immediately south, filed their bill of complaint in the Wayne circuit court, setting up the fact of their respective ownerships, and the further fact that petitioners intended to erect on the lot between them an automobile garage, and averring that a garage so located would be a nuisance to them, and would cause them irreparable damage, and praying that the petitioners be restrained from proceeding with the erection of said building. Upon presentation of the bill to the respondent as circuit judge, an injunction was issued ex parte, which was in part in the following terms:

"We, therefore, in consideration thereof, and of the particular matters in said bill set forth, do strictly command you, under the penalty of $10,000 to be levied on your lands, goods, and chattels to our use, that you do absolutely desist and refrain, until the further order of this court, from establishing or maintaining, or from commencing to establish or maintain, an automobile garage thereon."

Thereupon the petitioners, who are made defendants in said bill of complaint, demurred to said bill for lack of equity and other reasons, at the same time answering, denying its equities, which answer was duly verified by oath. Shortly after a motion was made by the petitioners, based upon the files and records in the cause, for a dissolution of the injunction. The motion was made on December 31, 1908. Respondent filed an opinion, in part as follows:

"Under the showing made, which was forcefully argued, the injunction should be made permanent, so that each party can use his property in a way not to injure his neighbor's peace and comfort. The motion to dissolve the temporary injunction is denied."

On the 9th of January, 1909, the following order was made:

"In this cause application having been made by defendants, Benjamin Siegel and Sophia Siegel, for a dissolution of the temporary injunction (*a*) either entirely, or (*b*) to the extent that the erection and completion of said building may be permitted, after hearing the arguments of counsel, it is hereby ordered by the court that said motion is denied in toto. It is further ordered that the oral application made by defendants, on the argument that complainant be required to file a bond to protect defendants against loss and damage resulting from the issuance of such injunction, if improperly issued, is likewise denied."

Upon the entry of said order petitioners have asked this court for an order for a writ to set aside the injunction, which the circuit judge in his order last quoted declined to do. The property owned by the petitioners is subject to no restrictions as to its use. The locality is one which for a period of several years has been passing from a strictly residential character. In the half dozen blocks on either side of the site in question many business places have been established lately.

In passing upon the question raised by the petition it is not necessary to determine whether or not an automobile garage, conducted in a proper manner upon the site in question, would become a nuisance to the complainants, and we, therefore, do not consider it. What was done by the preliminary injunction, and what was intended to be done, as is clearly shown by the order denying the application to dissolve, was to enjoin the petitioners from the erection of the proposed building. We know of no authority which would warrant respondent in going to this length. As before noted, the petitioners' land is burdened with no restriction, and they certainly have the right to erect upon it such structures as they deem proper, and to use the structures so completed for such purposes as please them, so long as in their erection and use they do no violence to the rights of the complainants. It is obvious to

the court that in the erection of said building no such injury to complainants' rights can be effected. It is equally obvious that the erection of a building which can be used for lawful purposes, which would not affect complainants' rights, ought not to be enjoined because of the possibility that after completion it may be used so as to constitute a nuisance. See *Dalton* v. *Railway Co.*, 144 Ind. 121; *Wolcott* v. *Melick*, 3 Stockton (N. J. Eq.), 204; *Diocese of Trenton* v. *Toman* (N. J. Eq.), 70 Atl. 606; *Windfall Manufacturing Co.* v. *Patterson*, 148 Ind. 414 (37 L. R. A. 381). In the case of *Torrent* v. *Common Council of Muskegon*, 47 Mich. 115, Mr. Justice CAMPBELL uses the following language:

"We also feel it our duty to refer to the danger of interfering in the outset of a case by injunction, with interests where delay may work great damage, without making full provision for redress by an adequate injunction bond. Defendants ought not to be subjected by the machinery of the law to irreparable mischief."

The discretion of a circuit judge in the issuance and continuance in force of a temporary injunction ought not to be lightly interfered with. But there are cases, and we think the case at bar is one of them, where a final decree obtained by the defendants (petitioners) after months of delay, if it should be ultimately determined that they are entitled to such, would fall far short of preserving their rights. They might have suffered irreparable damage in the meantime. That mandamus in such cases is the proper remedy, has been fully settled in this State. See *Board of Sup'rs of Wayne Co.* v. *Wayne Circuit Judges*, 106 Mich. 166; *Ideal Manufacturing Co.* v. *Wayne Circuit Judge*, 139 Mich. 92.

The writ will issue.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.