TOWNSHIP OF WYOMING *v.* JUDGE OF SUPERIOR COURT
OF GRAND RAPIDS.

1. MANDAMUS— EQUITY — TEMPORARY INJUNCTION — DRAINS AND
   SEWERS.

   The discretion of the trial judge in issuing or denying a tem-
   porary injunction will not be lightly interfered with, it being
   in no sense a writ of right.

2. SAME—WATERS AND WATERCOURSES—DRAINS.

   A temporary injunction to restrain the city of Grand Rapids
   from discharging its sewage into Grand River was properly
   refused by the trial court, in view of the inconvenience to
   the public which would ensue.

Mandamus by the township of Wyoming and others to
compel William J. Stuart, judge of the superior court of
Grand Rapids, to vacate an order denying a temporary
injunction. Submitted July 6, 1909. (Calendar No. 23,-
473.) Writ denied July 15, 1909.

*Roger I. Wykes,* for relators.

*Moses Taggart* and *Raymond Ferguson* (*Taggart &
Taggart,* of counsel), for respondent.

HOOKER, J. The attorney general, upon the relation
of the officers of the township of Wyoming and two pri-
vate persons, residents of said township, filed an informa-
tion to restrain the city of Grand Rapids from making use
of a sewer recently constructed in said city for the purpose
of conveying garbage and night soil, systematically col-
lected by said city from districts not provided with sewers,
and from extending its sewer system, and to restrain it
from continuing to discharge its sewage through existing
sewers into Grand River. The information prayed a
temporary injunction, which, upon the hearing of an
order to show cause, the learned judge of the superior
court denied. Counsel for the informant asks a mandamus
to compel the judge of the superior court to vacate such

order, and allow an injunction preventing the further extension of sewers and the use of said Prescott sewer for the purpose mentioned pending this litigation.

Counsel for the informant contends that his clients are entitled to the allowance of a preliminary injunction as matter of right; arguing that the preservation of the *status quo* is no hardship. A preliminary injunction is in no sense a writ of right. Its allowance is a matter within the discretion of the trial judge, and as was said by Mr. Justice CAMPBELL in *Torrent* v. *Common Council of Muskegon,* 47 Mich. 115 (10 N. W. 132, 41 Am. Rep. 715), and quoted approvingly in the late case of *Siegel* v. *Wayne Circuit Judge,* 155 Mich. 459 (119 N. W. 645):

" We feel it our duty to refer to the danger of interfering in the outset of a case by injunction, with interests where delay may work great damage, without making full provision for redress by an adequate injunction bond. Defendants ought not to be subjected by the machinery of the law to irreparable mischief."

And in the latter case Mr. Justice BROOKE said that

" The discretion of a circuit judge in the issuance and continuance in force of a temporary injunction ought not to be lightly interfered with."

While we have interfered to compel the vacation of orders allowing injunctions, where the discretion was clearly abused, the cases have been rare in which we have compelled the allowance of such writs.

But aside from this question, the effect of the allowance of this injunction would subject the people of Grand Rapids to a most serious inconvenience, and we agree with the learned judge who denied the order that the relief prayed should not have been granted, and he did not err in denying it.

The writ is denied, with costs against the relators.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.