GRIFFIN ET AL. *v.* HUBBELL ET AL.

[No. 26,873.  Filed November 23, 1937.]

*Conn H. L. Smith, G. Kenneth Hubbard,* and *Mountz & Mountz,* for appellants.

*Maurice McClew,* for appellees.

TREMAIN, J.—It is averred in the complaint that the appellants and appellees are the owners of adjoining lots fronting on the east side of North Wayne Street in the city of Angola, the appellants' lot being to the south; that Angola is a city of the fifth class and is governed by a mayor and common council; that in February, 1927, the common council adopted an ordinance regulating and controlling the establishment of public garages and filling stations.

Section 1 provides:

"... that no public garage or filling station shall hereafter be built, created, erected or located on any real estate or city lot abutting on East Maumee Street, West Maumee Street, North Wayne Street or South Wayne Street in the city of Angola, Indiana, without a building permit therefor having been first obtained from the said city."

It is provided that no permit shall be issued until a majority of the resident owners of real estate residing in the city block, in which the public garage or filing station is proposed to be located, shall file their consent in writing with the clerk of the city that a permit for the building, erection, and location of such public garage or filling station be granted. Section 3 prescribes a penalty for violation of the ordinance. Section 4 provides:

"Any building raised, converted, or land or premises used in violation of any provisions of this ordinance or requirements thereof is hereby declared to be a common nuisance."

It is averred that the appellees began the construction of a residence upon their lot in the fall of 1935; that thereafter the appellants began the construction of a public garage and filling station on their adjoining lot within a few feet of appellees' dwelling; that the construction of the building was in progress for some time before the appellees learned the purpose for which it was to be used; that as soon as they learned that it was the intention to use it as a public garage and filling station, the appellees began this action for a restraining order and injunction; that appellants are threatening and will, unless enjoined, use said building as a public garage and filling station to the great and irreparable injury of the appellees; that appellants did not secure a permit from the common council of the city to erect said building; that if it is used as a public garage and filling station, it will interfere with and prevent the reasonable use and enjoyment of appellees' dwelling.

The complaint asked that the defendants be restrained and enjoined "from using and operating the building being constructed . . . as and for a public garage and gas station, or either of them." The complaint is verified.

The appellants' demurrer to the complaint for want of facts was overruled. A trial by the court resulted in a judgment in favor of appellees. Appellants' motion for new trial was overruled. The grounds assigned were that the judgment of the court is not sustained by sufficient evidence and is contrary to law.

The evidence discloses that the appellants owned Lot No. 6 and the appellees owned Lot No. 7 in Batterson's Addition to the City of Angola; that said lots were located as described in the complaint; that each had a 66 foot frontage on North Wayne Street and were 240 feet deep; that another street extended along the south side of the appellants' lot; that at and prior to the commencement of this action there were located on the appellants lot a dwelling in which he and his family resided, and a frame garage east of the residence; that appellants' residence fronted on the side street as well as on Wayne Street; that the appellees' lot was vacant until he began the erection of a dwelling in the fall of 1935; that the residence was not completed at the time of the filing of this action in May, 1936; that early in the spring of 1936 the appellants began the erection of a one-story brick and terra cotta tile garage approximately twenty by twenty feet; that said garage adjoined appellants' residence on the north and west, and the north side of the garage was thirteen feet from the south side of the appellees' residence; that both the residence of appellees and appellants' garage were in process of construction at the same time; that the garage had capacity for two cars, and extended five or six feet west of the residences; that there was a door opening

between the appellants residence and the garage; that an ell extended from the garage across a portion of the west front of appellants' residence; that the north side of the garage was provided with windows which faced the appellees' residence; that there was a basement under the garage and appellants' residence. The evidence is not clear as to the purpose of a stairway from the floor of the garage to the basement, or as to the intended use of the pit in which the stairway was constructed.

There is no proof that the building had been used at any time, or was to be used as a public garage and filling station. It appears that the appellees were apprehensive that it would be so used, and that such use would be annoying to them and constitute a nuisance. The only proof in the record concerning the nature or use of the building is the application for a building permit, filed by the appellants with the common council in November, 1935, asking that they be granted a permit to erect a filling station and two-car garage, twenty feet long and twenty feet wide with a nine by six-foot wing, and one story high, to be erected of brick and blocks, the costs thereof to be $300. Also, the appellee, James Hubbell, testifying in his own behalf over the objection of appellants, was permitted to answer the following question:

"Q. Mr. Hubbell, when did you first learn that this building was to be used by Griffin as a public garage?"
"A. When I saw it advertised in the paper that he was going to open a garage."

This testimony does not establish a public garage was to be operated by appellants, even if it were competent. The advertisement itself would have been the best evidence, provided it had been established that the appellants authorized it. A careful reading of the record discloses that there is no other proof upon the subject

of the operation of a public garage. The appellees called the appellant, Henry Griffin, to the witness stand, but did not ask him concerning the use he intended to make of the building, nor as to the nature and character of the work which he proposed to carry on therein. The appellees offer much proof concerning the noise and odors emanating from public garages in other parts of the city, but make no attempt to prove in any manner the purpose and use of the appellants' garage. It is entirely problematical as to what use the appellants intend to make of their building. There is no proof that there were other resident owners of real estate in the block. A remonstrance purporting to be signed by "property owners" residing in the block was attached to the complaint as an exhibit, but no proof was made concerning it.

The evidence discloses that Wayne Street extends north and south through the city of Angola to the corporate limits and is part of United States Highway No. 27; that Maumee Street extends east and west to the corporate limits of the city and is part of United States Highway No. 20; that these streets intersect at the public square. There is no proof as to what portion of either of these streets is business, residential or vacant lots. No description of the buildings in the block involved in this litigation is given except the buildings of the appellants and appellees. The remainder of the block may be vacant, built-up business district, industrial or residential. The record is silent.

While the ordinance was adopted in 1927, notice of its adoption was not published until February 23 and March 2, 1936, after appellants asked for a permit, which was not granted as far as the record discloses. The appellants introduced no evidence. Upon these facts the appellees assert that they are entitled to the injunctive relief granted.

690

It is generally recognized that one may erect such buildings upon his own land in such manner as to not interfere materially with the reasonable enjoyment by others of their property. When the appellees seek to enjoin the use of appellants' garage upon the ground that it or its use will be a nuisance, the burden is upon them to allege and prove that the building itself will be a nuisance, and can be devoted to no use except one productive of a nuisance. A court of equity will not interfere to restrain a legitimate business except where the injury is material and the reasons for granting an injunction are strong and weighty. It will enjoin the use of property for a business which is a nuisance *per se;* or if the business is not a nuisance *per se,* if it is threatened to be used or conducted in an improper manner so as to become a nuisance. *Owen* v. *Phillips* (1881), 73 Ind. 284; *Keiser* v. *Lovett* (1882), 85 Ind. 240; *Bowen* v. *Mauzy* (1889), 117 Ind. 258, 19 N. E. 526; *Dalton* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (1896), 144 Ind. 121, 43 N. E. 130; *The Windfall Manufacturing Company* v. *Patterson* (1897), 148 Ind. 414, 47 N. E. 2; *The First National Bank of Mt. Vernon* v. *Sarlls* (1891), 129 Ind. 201, 28 N. E. 434; *Town of Rochester* v. *Walters* (1901), 27 Ind. App. 194, 60 N. E. 1101.

The authorities cited above hold that a stable, livery stable, blacksmith shop, flour mill, and other establishments do not constitute a nuisance *per se.* It may be asserted that since livery stables and blacksmith shops have been superseded by garages and filling stations, they do not constitute a nuisance *per se.* The Appellate Court in *Zeppenfeld* v. *Franklin Motor Service Co.* (1922), 77 Ind. App. 687, 134 N. E. 487, made reference to this subject as follows:

"We have examined the cases cited by appellee and we note that generally the primary question

which they decide is that public garages and filing stations in residential portions of cities do not constitute nuisances that may be enjoined."

The same court in *Brown* v. *Powell* (1931), 92 Ind. App. 467, 176 N. E. 241, held that a garage is not a nuisance *per se;* that the storing of automobiles is legal; and that a garage does not become a nuisance by the mere fact that it is located in a strictly residential district, even though it be a public garage.

The maintenance of a gasoline filling station is not a nuisance *per se. People ex rel. Terp* v. *Washingtonian Home of Chicago* (1935), 361 Ill. 522, 198 N. E. 721.

Giving to the evidence a construction most favorable to appellees, it cannot be said that they have met the requirements of the law. The omission to establish the facts hereinbefore pointed out leaves the court without sufficient evidence upon which to predicate its judgment.

The city ordinance upon which the appellees rely purports to prohibit the erection of public garages and filling stations within a designated territory until the builder secures a permit from the common council. He is required to file with his application the consent of the majority of the resident freeholders of the block in which it is located. Assuming, but not deciding, that the ordinance is valid and that the appellants did not secure the permit, still appellees must fail in their action for the reason that there is no evidence in the record to establish that the building was to be used as a public garage and filling station.

Under the facts the court holds that the judgment is not sustained by sufficient evidence, and is therefore contrary to law.

Judgment reversed.