TOWN OF SPEEDWAY *v.* DUGAN

[No. 28,713.   Filed October 25, 1950.   Rehearing
denied December 1, 1950.]

*R. Stanley Lawton;* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellant.

*Lewis E. Marine,* of Indianapolis, for appellee.

STARR, J.—The appellee brought this action to restrain the appellant from constructing its proposed sewage treatment plant on the site now owned by the appellant. Upon the request of appellee a temporary injunction issued which enjoined the appellant from the construction of the plant pending a hearing on a permanent injunction. It is from this interlocutory order that this appeal is prosecuted.

The undisputed facts in this case are: that the appellant town has been duly ordered by the Stream Pollution Control Board of the State of Indiana to cease

draining its sewage into Big Eagle Creek, and that after such order the appellant proceeded to prepare plans and specifications for a sewage treatment plant to be located upon a tract of ground owned by it of approximately seventy-five acres. The proposed plant is to be located at the outlet of appellant's sewer system and bids are now being advertised for the construction of the same; that appellant intends to and will contract for the construction of the plant on said real estate unless enjoined from doing so.

Appellee's complaint is in one paragraph and is bad for duplicity. One theory is that the plant when in operation will emit putrid and offensive odors to the special damage of the appellee who owns a home near the proposed plant. The complaint also attempts to set out as other grounds for injunctive relief that there are other and more suitable places where said plant could be located and that the appellant has failed to use and exercise any "reasonable or sound discretion" in so locating the same. Finally, the appellee attempts to set up as a ground for relief that the site of the proposed plant is not within the corporate limits of the appellant. The prayer of the complaint is that the defendant be enjoined from the construction of the proposed plant on the site on which it is to be built and for all other proper relief.

We have carefully examined the evidence in this case which is most favorable to appellee. From this examination we find there is no evidence in this case which would warrant the granting of the temporary injunction on the ground that the proposed structure itself will be a nuisance and that it can be devoted to no use except such as will be productive of such results. We approve of the following statement in *Dalton* v. *Cleveland, Cincinnati, Chicago*

& *St. Louis Railway Co.* (1896), 144 Ind. 121, 124, 43 N. E. 130:

> "The courts have no privilege to deny one the right to expend his money unwisely or to erect such buildings upon his lands as do not materially interfere with the reasonable enjoyment by others of their property. That appellant might have sought, in this suit, to restrain unlawful uses of the structure is not questioned, but that she did not do so is free from the slightest doubt. In Wood Nuisances, section 997, it is said: 'But if the bill seeks to enjoin the erection of a building upon the ground that its use will be a nuisance, it must be alleged in the bill and proved upon the trial that the building itself will be a nuisance, and that it can be devoted to no use except such as will be productive of such results.'"

We, too, are impressed as was the Court in that case "that a structure not in itself a nuisance, may be erected without interference from the courts, if the owner will invest with the chance of a denial of his right to conduct within it a particular business or use which may be declared a nuisance, or the further chance that he may not find a use for it which will not prove a nuisance." Here, as in the case last quoted, the appellee did not seek to restrain the unlawful use of a structure but the mere building of the same. Appellee does not contend that the plant structure in itself is a nuisance. See also *Griffin* v. *Hubbell* (1937), 212 Ind. 684, 11 N. E. 2d 136.

Furthermore, appellant has been fully authorized by statute to construct a sewage treatment plant either within or without its corporate boundaries. § 48-4301, et seq., Burns' 1950 Replacement; Acts 1932 (Special Session), ch. 61, p. 209. Due to this fact the construction of this structure will be the performance of a governmental function, not the

creation of a nuisance *per se,* and not to be interfered with by a court of equity. *Pritchett* v. *Board, etc.* (1908), 42 Ind. App. 3, 85 N. E. 32; *Board of Comrs. of Greene County* v. *Usrey* (1943), 221 Ind. 197, 46 N. E. 2d 823.

Appellee was permitted to introduce a great deal of evidence to the effect that there are other and more suitable locations where appellant might have located this plant and that appellant had failed to use reasonable discretion in choosing the present location. This evidence was not proper. Appellee does not allege, nor is there any evidence, that the appellant, in locating the plant, acted capriciously or fraudulently. The above cited statute clearly empowers the appellant to select the site for this structure. The location of this structure is the exercise of a governmental function, and having by law been entrusted to the judgment and discretion of the appellant equity will not interfere with this action in the absence of fraud. *Pritchett* v. *Board, etc., supra; Board of Comrs. of Greene County* v. *Usrey, supra.*

Finally, the appellee attempted by certain evidence to show that the site for the structure is without the corporate limits of appellant. Whether or not this site is within or without appellant's corporate limits is of no importance as the statute above cited clearly provides that the same may be constructed within or without the corporate limits of the appellant.

At the request of appellant special findings and conclusions of law were made and entered in this cause and a considerable portion of appellant's brief is devoted to a discussion of these findings. We have given no consideration to these findings for the reason that the same must be treated as a general finding. Our statute relating to special findings does

not contemplate the making of such on an application for an interlocutory order. *Starr* v. *Swain* (1914), 182 Ind. 313, 106 N. E. 357.

It follows from what has been said that on a final hearing in this action the appellee would not be entitled to relief.

For the reasons above set out the judgment herein is reversed and the cause is remanded with instructions to dissolve the temporary injunction.

Note.—Reported in 94 N. E. 2d 542.