NOTE.—Reported in 174 N. E. 2d 336.

DeSchamps *v.* Board of Zoning Appeals etc.

[No. 29,828. Filed May 8, 1961.]

*Darrell L. Hodson,* of Kokomo, for appellant.

*Ralph L. Helms, Shirley & Helms* and *W. Dan Bretz,* all of Kokomo, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Howard Circuit Court enjoining and restraining the appellant and others

> ". . . from using or causing to be used Lot No. 20 in Avery Addition to the City of Kokomo, Indiana, or any part thereof, as an automobile wrecking yard. The said defendants are hereby also ordered to cease and desist in the use thereof for said purpose, and to remove all wrecked, dismantled, junked, or stripped automobiles and trucks, and parts thereof, from said premise within 120 days, and also to remove therefrom within 120 days all automobiles and trucks not capable of moving under their own motor power. And the defendants, and each of them, are further restrained from using said premises for wrecking, dismantling, scavenging, junking, stripping, cutting, or burning of any automobiles or trucks whatsoever; or from using said land in any part of the process thereof."

Appellant filed his timely motion for a new trial, alleging as grounds therefore, the following:

"1. That the finding of the Court is not sustained by sufficient evidence.
"2. That the finding of the court is contrary to law.
"3. That the ordinance under which this action was brought, in its application to the property of the defendants, violates the due process and the due course of law provisions of federal and state constitutions."

Appellant's motion for a new trial was denied and this appeal followed.

By agreement of the parties in the court below, it was stipulated as follows:

"1. That Plaintiff [appellee] is the regularly authorized and appointed Board of Zoning Appeals under Ordinance No. 2279, 1925 and amended by Ordinance No. 3111, 1948, as amended by the City of Kokomo, Indiana.

"2. That the defendants, Earl D. Dunkle and Gladys I. Dunkle are the record owners of the real estate in litigation.

"3. That said described real estate is by said Ordinance designated as INDUSTRIAL.

"4. That the defendant, [appellant] Harry W. DeSchamps operates a business known as Harry's Auto Parts on a part of Lot No. 24 in Avery's Addition to Kokomo, Indiana. That neither Harry W. DeSchamps nor Harry's Auto Parts have been issued any permit by the Board of Zoning Appeals of the City of Kokomo for an automobile wrecking yard on the real estate in litigation."

Plaintiff's exhibit B admitted in evidence in the trial court was the ordinance in question and among other things provided, as follows, section one, divided the City of Kokomo into certain districts, one being "7 I1-Industrial"; section four, special uses permitted by paragraph five thereof "In C1 and I1 districts:

"a. Junk yards, scrap metal, paper or rag storage.
"b. Automobile wrecking yards.
"c. Veterinary establishments."

Section fifteen of such ordinance provided as follows:

"SECTION 15—PENALTIES FOR VIOLATION, RIGHT OF INJUNCTION: Action on the violation of any provisions of this Ordinance and the right of injunction against such violations shall be subject to the authority granted by state statute

under Chapter 174 of the Acts of 1947 of the Indiana General Assembly. Under such statute, any person who violates a provision of this Ordinance shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than ten (10) dollars and not more than three hundred (300) dollars.

"Further, the Board of Zoning Appeals or any designated enforcement officer may institute a suit for injunction in the Circuit Court of Howard County to restrain an individual from violating the provisions of this Ordinance and may also institute a suit for a mandatory injunction directing removal of any structure erected in violation of the terms of this Ordinance."

See also: Acts 1947, ch. 174, §90, p. 571 being §53-791, Burns' 1951 Replacement.

The Act permitting the enactment of the ordinance here in question is Acts 1947, ch. 174, §82, p. 571; 1951, ch. 291, §5, p. 935, being §53-783, Burns' 1960 Cum. Supp., and it provides for an appeal from the decision of the Board of Zoning Appeals.

From the record before us it appears that appellant at some time prior to the enactment of the zoning ordinance was engaged in the business of auto wrecking on all or a part of Lot No. 24 in Avery's Addition to the City of Kokomo, that since such date he has as a matter of right, and without molestation, continued to carry on such business on such Lot No. 24. It further appears from the record that Lot No. 20 in Avery's Addition (the real estate here in litigation) is adjacent to and abuts on Lot No. 24 on the east. In 1954 appellant began using at least a part of Lot No. 20 in connection with his auto wrecking business on Lot No. 24. In 1955 he applied to the City Board of Zoning Appeals for a Special Use Permit, such permit was denied and no appeal was taken from such denial, ap-

pellant stating that the appeal was not perfected on account of the illness of his then counsel.

Appellant continued to conduct such business on a part of Lot No. 20, and on December 6, 1957, appellee filed its "Complaint for Injunction" seeking to enjoin appellant from the use of such real estate as an automobile wrecking yard.

The assignment of error is that the trial court erred in overruling appellant's motion for a new trial. Appellant assigned three causes for a new trial as previously shown herein and has elected to group causes one and two into one argument.

A. The finding of the court is not sustained by sufficient evidence and is contrary to law.

The appellant takes the position that the evidence in this case does not justify the granting of an injunction. Appellant alleges that an examination of the complaint will show that the only grounds alleged for the granting of an injunction is that no permit has been granted under the terms of the ordinance by the Board of Zoning Appeals; that there is no allegation that the defendant was conducting a business which constituted a nuisance; there was no proof that there was irreparable damage to plaintiff, and no proof to sustain the allegation that plaintiff has no adequate remedy at law. The cases cited by appellant in support of his proposition are: *Griffin* v. *Hubbell* (1937), 212 Ind. 684, 11 N. E. 2d 136; *Brown* v. *Powell* (1931), 92 Ind. App. 467, 176 N. E. 241; *Town of Rochester* v. *Walters* (1901), 27 Ind. App. 194, 60 N. E. 1101; *State* v. *O'Leary* (1900), 155 Ind. 526, 58 N. E. 703; *City of New Orleans* v. *Liberty Shop* (1924), 157 La. 26, 101 So. 798; 40 A. L. R. 1136; 58 Am. Jur., Zoning, p. 1043; *Montclair* v. *Kip* (1932), 110 N. J. Eq. 506, 160 Atl. 677, following *Srager* v. *Mintz* (1932), 109 N. J. Eq. 544, 158 Atl. 471.

As pointed out by the appellee the cases cited are either Indiana cases decided prior to the passage of the 1947 zoning act, or are cases from foreign jurisdictions not involving zoning ordinances enacted under like enabling statutes, specifically authorizing injunctive relief on ·ground of violation of the zoning ordinance only.

It is the appellee's position that in order to obtain injunctive relief it was necessary for the appellee only to allege and prove:

A. The existence of the ordinance, and

B. The violation by defendant, and

C. Once these are proven the damage to plaintiff, appellee here, is at once apparent in the harm that follows from a continued violation of a municipal ordinance.

Other jurisdictions have held that a showing of the violation is all that is necessary to sustain an injunction against the landowner. See: *City of Raleigh* v. *Morand* (1957), 247 N. C. 363, 100 S. E. 2d 870; *Rose* v. *City of Andalusia* (1947), 249 Ala. 333, 31 So. 2d 66; *Mayor & Council of Borough of Alpine* v. *Brewster* (1951), 7 N. J. 42; 80 A. 2d 297; *City of Le Mars* v. *Fisch* (1958), 251 Ia. 149, 100 N. W. 2d 14; *The County of Du Page* v. *Henderson* (1949), 402 Ill. 179, 191, 83 N. E. 2d 720.

On the authority of the cases above cited it appears that allegation and proof of an ordinance and violation of that ordinance sustain the suit for injunction.

Appellant further contends that he is not in violation of the ordinance, that the evidence is insufficient to justify the granting of the injunction, and that the finding of the court is contrary to law. We do not weigh evidence on appeal, but review it for the purpose of determining if there was evidence from

which the court in its discretion could have made its finding and determination; the record here discloses evidence from which the court could have determined that the ordinance was being violated.

The third specification of appellant's motion for a new trial is that the ordinance on which this action was brought, in its application to the property of the defendant, violates the due process and the due course of law provisions of federal and state constitutions.

A search of the record discloses that this issue was first brought to the attention of the court in appellant's motion for a new trial. We have previously held that such a question is not to be presented for the first time in a motion for a new trial. *Knapp v. State* (1932), 203 Ind. 610, 181 N. E. 517; *Jones et ux v. Stawicki, et ux.* (1953), 233 Ind. 272, 111 N. E. 2d 718.

The judgment of the trial court should be and is hereby affirmed.

Bobbitt, C. J., and Arterburn, J., concur.

Achor and Landis, JJ., concur in result.

NOTE.—Reported in 174 N. E. 2d 581.