(No. 22962.

THE PEOPLE *ex rel.* Nis Thompson Terp, Appellee, *vs.* THE WASHINGTONIAN HOME OF CHICAGO, Appellant.

*Opinion filed October 14, 1935—Rehearing denied Dec. 4, 1935.*

A. W. MARTIN, and EDWARD H. S. MARTIN, for appellant.

WILLIAM H. HERBERT, and C. W. ARMSTRONG, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People, on the relation of Nis Thompson Terp, a property owner and tax-payer in the city of Chicago, Cook county, Illinois, filed a complaint in chancery in the superior court of Cook county, alleging that the Washingtonian Home of Chicago is a charitable institution incorporated for the purpose of maintaining and operating a hospital, and operates one known as the Martha Washington Home at 2318 Irving Park boulevard, in Chicago; that there is now in full force and effect in Chicago a certain ordinance, being section 2670 of the municipal code of Chicago as amended and revised to and including February 10, 1932,

which in substance provides that no tank or tanks containing gasoline or certain other inflammable liquids shall be installed on any lot or plot of ground where any of the boundaries thereof are within two hundred feet of the nearest boundary of any lot or plot of ground used for a school, hospital, church or theater; that the plot of ground described at the street number stated, for many years has been and is now used for a hospital by the Washingtonian Home; that the defendant is threatening, planning and preparing to install a tank or tanks to contain one thousand gallons of gasoline or other inflammable liquids on the lot described, which is within two hundred feet of the nearest boundary of the lot used for a hospital; that in furtherance of the threat, plan and preparation the defendant, or its agents or lessees, has sought to procure, or has procured, an illegal permit from the bureau of fire prevention of the city, in violation of the ordinance, to construct and install the tank or tanks and is about to lease to some other person the ground upon which the tank or tanks are to be installed on the land described and operated as a public filling station. The complainant prayed for a temporary writ of injunction restraining the Washingtonian Home of Chicago, its agents, servants, attorneys, officers, employees, directors and lessees, from proceeding to construct any tank or tanks for the storage or sale of gasoline or other inflammable liquids in or upon the lot known as 2318 Irving Park boulevard, Chicago, and within two hundred feet of the nearest part of the land so used for a hospital, and that upon a full and final hearing the injunction and restraining order be made permanent.

The Washingtonian Home filed a verified answer admitting that it is a charitable institution at the location mentioned, maintaining a hospital, but denied any intention of installing or permitting the installation or use of the tanks unless and until the required permits are issued; that, as properly and as administratively construed, the or-

dinance does not prohibit such use of the property; that if the ordinance is to be construed so as to prohibit the installation of the tanks mentioned in the permit issued to it, it is unreasonable, violates section 1 of the fourteenth amendment to the United States constitution, section 2 of article 2 of the constitution of the State, and is void; that the complaint was prematurely filed; that the relator is not acting in good faith, but collusively with the proprietor of another gasoline filling station to prevent competition, and that the complainant is not entitled to an injunction or other relief.

The matter was referred to a master in chancery, who heard evidence and submitted a report to the chancellor containing his finding of facts and conclusions of law that the material allegations of the complaint had been proved and that the complainant was entitled to an injunction or restraining order. Objections to the master's report were overruled and stood as exceptions, which were overruled. The master's report was approved and a decree was entered in accordance therewith. The chancellor certified that the validity of a municipal ordinance was involved and that the public interest required that an appeal from the decree should be taken directly to this court.

Several questions are presented, only one of which, however, we deem necessary to consider.

The appellant contends that the relator has not shown a right to maintain a suit for an injunction. While it is alleged that he is a property owner and tax-payer in the city of Chicago, there is no allegation that the bill was filed by him in such capacity or that his burden of taxation will be increased if the construction of the proposed filling station is not enjoined. The ground for seeking the injunction is that an ordinance enacted by the city in pursuance of the police power is about to be violated. The city is not a party to the suit. The officers and those in charge of the hospital are not complaining of threatened

injury to the hospital, but are willing, and requesting, that a filling station be installed on a corner of the hospital grounds in order that the hospital may receive the benefit of the added revenue. Irving Park boulevard and Western avenue, which are two of the boundaries of the hospital grounds, are both business streets, and there are filling stations at the southeast and northwest intersections of those streets. It nowhere appears that the relator is possessed of any property within the radius prohibited by the ordinance. The bill does not allege, nor is there any proof, that the relator will suffer any injury if the proposed filling station is constructed. If there is any possible threatened injury to him it will not be different from that of the public generally. The maintenance of a gasoline filling station is not a nuisance *per se*. Such stations are found on the business streets of most cities in the United States. The relator has merely assumed the right to act on behalf of the people, without showing threatened injury to his property or business which would give him the right to maintain a suit. In cases of this kind a private individual may invoke the jurisdiction of equity only to protect his property from threatened injury. (*McCormick* v. *Chicago Yacht Club,* 331 Ill. 514, 521; *Koehler* v. *Century of Progress,* 354 id. 347.) If this suit were one proper to be instituted on behalf of the people without the city being made a party, which is not necessary to decide, it should be brought by the proper official representing the public. *Roloson* v. *Barnett,* 243 Ill. 130.

Because the relator has failed to show any injury or threatened injury to his property or business or any equitable interest, or a right to represent the people as relator, he cannot maintain this suit in equity.

The judgment of the superior court is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*