(No. 26753.—

GAGE H. AVERY *et al.,* Appellees, *vs.* THE VILLAGE OF LA GRANGE *et al.*—(ELSIE MARGARET COCKRELL, Appellant.)

*Opinion filed November 17, 1942—Rehearing denied Jan. 14, 1943.*

ECKERT & PETERSON, (OWEN RALL, of counsel,) for appellant.

STEVENS & STEVENS, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (GEORGE M. STEVENS, and WILLIAM WILSON, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiffs in this suit are citizens and residents of the village of La Grange, Illinois, and the defendants are the village of La Grange, the village officials of La Grange, and the owners of a piece of property situated at the corner of Cossitt avenue and Waiola avenue in said village. There has been continuous litigation over the zoning status of said piece of property since 1927. It consists of a lot extending 100 feet on Waiola avenue and 136 feet on Cossitt avenue. The improvement on the premises is an eleven or twelve room dwelling about 45 years old. In 1923 a comprehensive zoning ordinance had been passed by the village of La Grange and the said property was included in the "A" or single-family-use district.

In October, 1926, Arthur S. McCallister purchased this property and in January, 1927, under a permit to remodel a porch, he installed a kitchen on the second floor, a bathroom on the first floor, an outside stairway to the second floor and interior alterations necessary to make the house into a two-family residence. McCallister filed two petitions to the zoning board of appeals asking for rezoning of this property, but these petitions were not pressed by McCallister. On April 28, 1928, the building commissioner, Greenlee, sued out a warrant before a police magistrate, charging McCallister with violation of the zoning ordinance. On May 29, 1928, McCallister filed an injunction suit against the village and its officers claiming that the zoning ordinance was arbitrary and unconstitutional, and seeking to enjoin the village from threatening the plaintiff with arrest or from prosecuting him. This was filed in the circuit court of Cook county. The suit was referred

to a master in chancery who reported back to the court and on November 9, 1931, a decree was entered dismissing McCallister's bill of complaint for want of equity at his cost. No appeal was taken from that decree.

On June 24, 1931, a deed was executed by McCallister to William G. Clark and wife. McCallister continued to occupy the first floor of the building but the second-floor apartment was rented to one Robert Mann. In 1932, the village, after serving many warnings, commenced and prosecuted a penalty suit in the circuit court of Cook county against William G. Clark and Mary E. Clark, claiming that those defendants had violated the zoning ordinance by using the premises for housing two families.

The McCallisters and the Manns were not parties to this proceeding. A verdict of the jury in favor of the plaintiff, the village of La Grange, was obtained in March, 1934, but was set aside on March 31, 1934, by the allowance of a new trial, and the village petitioned for and was allowed leave to appeal to the Appellate Court for the First District. On December 31, 1934, the Appellate Court affirmed the action of the trial court in granting a new trial. A petition was filed in the Supreme Court for leave to appeal from the decision of the Appellate Court, but this was denied by the Supreme Court on April 18, 1935. The case was retried in the circuit court in May, 1936, and the defendants, the Clarks, were found not guilty.

The village appealed from this judgment to the Appellate Court for the First District and the case was awaiting oral argument when, in 1937, it was dismissed on the direction of the village board.

After the village had filed the penalty suit against the Clarks, above mentioned, Clark and his wife filed a suit on June 2, 1933, in the circuit court of Cook county against Greenlee, who was the building commissioner, in the nature of a *mandamus* suit, charging that the zoning ordinance as applied to the property in question was unconstitutional and

sought a writ to compel Greenlee as building commissioner to issue a permit for the use of the property for two families, notwithstanding the ordinance classifying the property for single-family use only.

The village demurred to that complaint and the trial court sustained the demurrer. The Clarks appealed to the Appellate Court for the First District which, on November 10, 1936, reversed and remanded the cause holding that the petition for *mandamus* stated a good cause of action. This *mandamus* suit was pending in the circuit court of Cook county in 1937 at the time the "use permit" hereinafter referred to was issued and was dismissed by the Clarks upon the issuance of that "use permit."

Walter P. Saunders was elected president of the La Grange village board in April, 1937. From 1925 to 1928 he had been a member of the board, and from 1928 to 1935 he had been president of the board. He was a member of the Cook County Zoning Commission and a retired Board of Trade member. The village board met as a committee of the whole early in May, 1937, and it was decided to have Saunders see the attorney for the Clarks, Mr. Gariepy, and see whether litigation could be stopped by issuance of a permit for the use of the premises for two families, which was the relief sought in the *mandamus* suit.

The present action in the nature of an injunction suit, was filed July 19, 1937, by appellees who were citizens and residents of the village of La Grange, and directed against the village of La Grange, the village officials, and the owner of the real estate in question. There was some question as to the regularity of issuing a "use permit" and hearings were held in August, 1937, by the village zoning board of appeals as to the advisability of re-zoning the property in question, and in 1938, the board of appeals reported recommending that the property be not re-zoned.

The village then employed independent counsel, Royal J. Schmidt, who had not been connected with any of the

previous litigation and is not shown to have been in any way connected with any of the parties to this litigation, and who made a survey and reported both as to the facts and the law and as to his recommendations.

On June 27, 1938, the village board passed an ordinance amending the former zoning ordinance, by which amendment it provided that the boundaries of the districts as indicated upon the zoning map attached to and made a part of the La Grange Municipal Code of 1930, are altered and changed to exclude the property in question from class "A" residence district and include it in class "B" residence district. This ordinance was passed after this suit was filed, and as a result thereof on November 28, 1938, the appellees filed an amendment and supplement to their complaint, by which they prayed that said amendment of June 27, 1938, be declared unconstitutional and void, and that the village and village officials be restrained by injunction from permitting the use of the premises for a two-family dwelling or for any other use than that of a single-family dwelling, and that the building commissioner be restrained from issuing a "use permit," and that the appellant, Cockrell, be restrained from using said premises for housing two families. To this complaint the appellant, Cockrell, filed her answer on the 12th day of December, 1938, asserting the validity of the zoning-ordinance amendment of June 27, 1938. She also alleged that there had been changes in the circumstances or in the character or conditions of the district in the immediate vicinity of the property since the decision in the McCallister case in November, 1931. She further denies that the plaintiffs were entitled to any relief and prays that the complaint may be dismissed for want of equity.

A motion to strike portions of the answer was filed by the appellees on January 20, 1939, by which they sought to have stricken that portion of her answer setting forth that the president and members of the board received a

report of the public relations committee prior to passing said amendatory ordinance. This motion was denied. On April 3, 1939, the cause was referred to the master in chancery. The master conducted hearings, took testimony and made a report recommending that the complaint be dismissed for want of equity.

On February 5, 1942, the court refused to follow the recommendation of the master and entered a decree providing:

1. That the original zoning ordinance of the village of La Grange, adopted in 1923, is in all respects valid and constitutional as applied to the property in question, and binding upon the owners and occupants thereof;

2. That the amendatory ordinance, adopted June 27, 1938, by which ordinance said property was removed from class "A" district under the original zoning ordinance and incorporated into the class "B" district, was and is "invalid, discriminatory, unconstitutional and void and an invasion of the property rights of the plaintiffs in this cause."

3. That appellant, Cockrell, and all persons claiming by, through or under her be and they are restrained and enjoined from using or occupying said premises for any use except uses permitted in class "A" districts under the ordinances of the village of La Grange, and are particularly enjoined from using the premises as a two-family dwelling.

4. That the village officials of La Grange acted in good faith and in the exercise of their honest judgment in adopting and passing the amendatory ordinance of June 27, 1938, and the appellees are entitled to no relief against said village officials.

Seeking to reverse that decree, the appellant has brought her appeal to this court, since the trial court at the time of entering the decree certified that the validity of a municipal ordinance of the village of La Grange is involved, and that in his opinion the public interest requires an appeal in the case be taken directly to this court.

The appellant contends that the decree of the trial court is erroneous in that it found:

1. That the original zoning ordinance of La Grange as applied to the property in question was in all respects valid and constitutional.

2. That the amendatory ordinance of 1938 was unconstitutional and void and an invasion of the rights of the appellees.

3. That the appellant was enjoined from using the premises as a two-family dwelling.

The appellees in support of the decree state:

1. That being property owners in the "A" residential district of the village, they were interested, aggrieved and affected parties and therefore have a right to maintain this suit in equity.

2. That the original zoning ordinance of the village as applied to this property had been previously decreed to be valid and constitutional, and therefore cannot be questioned in this case.

3. That there has been no change since the decree in the McCallister case.

4. That the amendatory ordinance of 1938 was not passed in good faith.

The right of appellees as property owners in the "A" residential district to maintain this action has been widely discussed in the briefs of counsel for both sides. Four of the appellees own homes and live in the same block as the questioned property. Originally there were 42 plaintiffs, 22 of whom lived within five blocks of the premises in question and 20 lived in scattered directions from five to thirteen blocks away. They rely heavily upon the cases of *Kennedy* v. *City of Evanston,* 348 Ill. 426, and *Phipps* v. *City of Chicago,* 339 Ill. 315, for the rule of law that the classification made in the general ordinance should thereafter not be changed, unless the change is reasonably necessary to protect the public health, safety, morals and

welfare of said village. In the *Kennedy case* the city of Evanston passed a comprehensive zoning ordinance in 1921, classifying the property in question as in "A" district which includes single-family dwellings and other specified uses. The "B" district among other things included tenement houses and hotels. The ordinance was held to be constitutional in *Deynzer* v. *City of Evanston*, 319 Ill. 226. Just prior to 1927, the entire matter of zoning was again carefully considered by the city authorities and, by an amended ordinance passed in 1927, the district in question was classified as "A" residence. The amended ordinance included apartment houses and apartment hotels in the "B" use district which adjoined the "A" residence district. The facts in the case show that an individual acquired 11 vacant lots in this district in 1924, and filed a petition for writ of *mandamus* to permit him to build apartment buildings on the lots. This case was afterwards dismissed. In 1928 he petitioned to change the zoning in the district in question but the petition was denied. Another petition was filed in the fall of 1928, asking for the same change, which was at first denied, but, upon reconsideration, the zoning commission granted the prayer of the petition and recommended that the zoning of these lots be altered to permit the construction of apartment buildings. In 1929 the city council amended its zoning ordinance to include the territory in the class "B" district. Suit was filed by plaintiffs, praying that such amendment to the zoning ordinance of the city be declared void and that its enforcement be restrained. This court held that such amendment to the zoning ordinance was clearly arbitrary and void. However, the existing conditions and the reasons for the ruling were far different from the situation in the present case. There the plaintiffs all lived in close proximity to the property involved. The zoning ordinance had been amended less than two years prior thereto permitting the property to remain as class "A." Since 1927 no change in the char-

acter of the territory was shown. Very little building had been done either on the property in question or the land adjoining. The change from quiet, private-residential purposes was a very substantial variation. *City of Aurora* v. *Burns,* 319 Ill. 84; *Minkus* v. *Pond,* 326 id. 467.

In the present case, in order for the appellees to have standing in a court of equity to complain about the use of other property, they must prove they have suffered damage which differs from that suffered by the general public. *People ex rel. Terp* v. *Washingtonian Home,* 361 Ill. 522.

We do not find in either the case of *Cuneo* v. *Chicago Title and Trust Co.* 337 Ill. 589, or in *Phipps* v. *City of Chicago, supra,* authority for saying that restrictions upon the use of property provided by the zoning ordinance in this case imposed as a part of a general plan gave to appellees a right in the nature of an easement which could be enforced in equity and upon equitable principles.

Appellees further urge that the amendment to the ordinance in question permits an arbitrary situation to be established, and gives special privileges to the appellant, which is contrary to the fourteenth amendment of the Federal constitution and section 22 of article IV of the Illinois constitution. As authority for this contention, they mainly rely upon *Michigan-Lake Building Corp.* v. *Hamilton,* 340 Ill. 284. That case involved the constitutionality of an amendment to the Chicago zoning ordinance which provided that upon certain properties located where three sides adjoin streets, one of which sides abuts a street greater in width than 100 feet, and one of which sides is across the street from a public park, etc., that the height of any building erected thereon could be increased 66⅔ percent. John F. Cuneo sought to build a skyscraper of about 60 stories on Michigan avenue and the plaintiff in the suit owned property on the west side of Michigan avenue in the block immediately north of the proposed location for the

skyscraper. This ordinance could only be available for three or four pieces of property located in the loop area of the city of Chicago. This court declared the ordinance arbitrary, unreasonable and void. The reason for such holding is apparent. The court, however, stated in that case, "Where the conclusion or action of a city council is fairly debatable, a court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question." To the same effect is *Minkus* v. *Pond, supra,* and *Zahn* v. *Board of Public Works,* 274 U. S. 325.

It is also contended by the appellees that the case of McCallister v. Village of La Grange, decided adversely to McCallister by decree of the circuit court of Cook county in 1931, wherein the plaintiff sought an injunction against the village and its officials from threatening him with arrest or prosecuting him for violation of the zoning ordinance, claiming that such ordinance was arbitrary and unconstitutional, is decisive on the question of the classification of his property, and cannot be raised again in this case. However, both sides in their briefs admit that the case was, in part, decided against the plaintiff because he had not gone in with clean hands. The village of La Grange by its pleading does not claim any benefit from that former decree and there have been many important changes in the situation since the McCallister case was decided. The decree was entered in that case prior to the decision of this court in *Merrill* v. *City of Wheaton,* 356 Ill. 457. The issues in the McCallister case were not identical with the questions here. For these reasons the conduct of McCallister in that case is not binding upon the present owners.

There is no doubt from reading the record that there was in the minds of the city officials a good reason for re-zoning the property in question. There were two lawsuits pending in the Appellate Court at the time the new

city administration took office. One of those lawsuits had just been decided in favor of the property owners. This suit was dismissed when the deal was made between the city officials and the property owners. Both the master and the circuit court in its decree found that the city officials acted in good faith in the passage of the amendment to the zoning ordinance.

An examination of the zoning map shows that the north one-third of block 18 in which appellant's property is located is zoned for business and includes a 32-apartment building. Other lots in this block and lots in nearby blocks similarly situated have been re-zoned from "A" to "B." The Public Relations committee of the village board had made an investigation and reported back to the board before the amending ordinance was passed.

In any event, it is very clear that the action of the city council in amending the zoning ordinance to permit this property to be put in class "B" district is at least debatable and it being debatable, this court will not disturb such action by the city council. While it might not have anything to do with the merits of the case, the fact that the zoning status of the property had been in litigation for 15 years, that large sums of money had been expended by the village in the defense of same, that bitter feeling had been engendered among its citizens, and that no substantial damage had been imposed upon any other property could well have moved the village board to bring the controversy to an end.

For the reasons advanced in this opinion, the decree of the circuit court of Cook county will be reversed and the cause remanded with directions to dismiss the complaint as amended, with the costs assessed against the appellees.

*Reversed and remanded, with directions.*