(No. 33784.—▮▮▮▮▮)

MARY H. GARNER *et al.,* Appellants, *vs.* THE COUNTY OF DU PAGE *et al.,* Appellees.

*Opinion filed March 22, 1956.*

KLINGBIEL, J., took no part.

GORDON MOFFETT, of Wheaton, GEORGE D. CARBARY, of Elgin, and LEDERER, LIVINGSTON, KAHN & ADSIT, of Chicago, (BURTON Y. WEITZENFELD, and RALPH JONAS, of counsel,) for appellants.

WILLIAM L. GUILD, State's Attorney, of Wheaton, WINSTON, STRAWN, BLACK & TOWNER, and OSBORNE, SCHEIB, ADAMS & HOGAN, both of Chicago, and RATHJE & WOODWARD, of Wheaton, (JOHN C. SLADE, DOUGLAS C. MOIR, and EDWARD J. WENDROW, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Du Page County which found an amendment to the county's zoning ordinance to be a constitutional exercise of the police power and dismissed, for want of equity, a complaint attacking its validity and seeking injunctive relief.

Facts necessary to this opinion show that the amendment in question changed from "F" (farming) to "I-2" (industrial) the zoning classification of a 120-acre tract of land located approximately one mile west of the city of Naperville. Proceedings for the change were instituted by Dorothy R. Polivka, the owner of the tract, shortly after she had given Foote Bros. Gear and Machine Corporation an option to purchase it. Zoning regulations permitting, the corporation proposed to erect industrial units which would eventually employ 1500 to 2000 persons. The city council of Naperville, to whom section 2 of the County Zoning Act gives a right of protest, (Ill. Rev. Stat. 1955, chap. 34, par. 152j,) expressed itself to county officials as favoring the rezoning; the county zoning board of appeals recommended against it. However, the county board, by the unanimous vote of its members present, amended the county ordinance so as to effect the change of zoning requested. After the rezoning, Mary H. Garner, Donald J. Anderson and Walter L. Darfler, the appellants, filed a complaint against the county and its zoning officers praying that the amendment be declared null and void and that the defendants be permanently enjoined from issuing a building permit for the construction of any industrial or business buildings on the Polivka tract. Subsequently Dorothy Polivka and Foote Bros. Corporation were made parties defendant.

Appellants' complaint alleged that they were taxpayers, residents of the county, the owners of real estate in and about the city of Naperville, and that said real estate was located contiguous to and in the vicinity of the tract rezoned. As grounds for the relief prayed it was alleged that the rezoning was unreasonable, arbitrary and capricious, that it decreased the value of appellants' property, and that it would be detrimental to the welfare of the city of Naperville in that the influx of population expected to accompany the industrial use contemplated by Foote Bros. would over-

tax the city's facilities for housing, education, water, sewage disposal, traffic and the like.

Proof given in support of the complaint disclosed that the real property owned by appellants was neither contiguous to nor in proximity with the Polivka tract. It appears, rather, that Garner and Anderson own residential properties within the corporate limits of Naperville some three miles from the tract rezoned and thus outside both the unincorporated area and the use district affected. As regards Darfler, the evidence was that he owns a 100-acre dairy farm within the same use district, but that it is located one and one-half miles distant from the rezoned tract. Similarly, the proof failed to support the allegation that the values of appellants' property were decreased by the change of zoning classification. Appellants Garner and Anderson testified at the hearing of the cause but Darfler did not; however, neither of said appellants nor any of the witnesses appearing in their behalf gave any evidence whatsoever relating to the values of their properties. Indeed, the only evidence concerning such values was furnished by a real-estate expert who, as a witness for appellees, expressed the opinion that appellants' real estate was too far distant from the rezoned tract for any change in values to result. With regard to the proof offered to sustain the allegation that the rezoning would be detrimental to the city of Naperville, it is only necessary to say that it likewise failed to establish the existence of special injury or damage to appellants' personal and property rights.

This case is not the normal one where an owner of land is complaining of restrictions placed upon its use, but is the comparatively rare case in which it is claimed that corporate authorities have wrongfully permitted a use on the property of someone else. Under such circumstances we have held that for a party to have standing in a court of equity to complain about the use of another's property, he has the burden of proving that he has suffered a special

damage by reason of such use which differs from that suffered by the general public. (*Bullock* v. *City of Evanston*, 5 Ill. 2d 22, 33-34; *Avery* v. *Village of La Grange*, 381 Ill. 432, 440; *People ex rel. Terp* v. *Washingtonian Home*, 361 Ill. 522, 525.) As stated in 43 C.J.S., Injunctions, sec. 22b, where a similar rule is expressed in connection with the right of a private individual to seek injunctive relief for a public injury, "The rule is not a technical and arbitrary one, but has a solid foundation in principle and is sustained by very sound reasons of public policy, its object being to protect defendant against a multiplicity of suits and to secure him in one suit a final determination of all the controverted questions involved." If the rule were not applied to zoning cases in the nature of the one before us, harassing and vexatious suits by persons not aggrieved would most certainly ensue.

When the facts of the present case are considered, it is clear that appellants have failed to prove damage which is different from that suffered by the public generally and therefore have no standing to maintain the action. Apart from the total failure of any evidence showing that the rezoning would depreciate the values of appellants' real estate, we may also consider the fact that appellants' properties are so far distant from the rezoned tract as to make it doubtful that any prejudice or depreciation could result, (*Speroni* v. *Board of Appeals*, 368 Ill. 568, 571,) and the further fact that two of the properties are not even within the unincorporated area to which the zoning amendment applies. (Cf. *People ex rel. Terp* v. *Washingtonian Home*, 361 Ill. 522.) Insofar as the alleged detrimental effects to the city of Naperville are concerned, it is to be noted that while appellants allege themselves to be taxpayers, there is no allegation that the complaint was filed in such capacity or that their burden of taxation will be increased by the industrial use of the rezoned tract. From the tenor of the allegations and the substance of the proof it appears only

that if the rezoning does pose a threat of injury to appellants, it will not be different from that of the public generally. To use the words of *Blumenberg* v. *Hill,* 119 N.Y.S. 2d 855, "As one may not assume the role of champion of a community to challenge public officers to meet him in courts of justice to defend their official acts, * * * so one having only a general interest may not adopt the part of an advocate of municipal welfare * * * to promote a judicial enforcement or interpretation of zoning regulations."

Because appellants have failed to show injury, threatened injury, or a right to represent the people, we conclude they had no standing to maintain this suit in equity. For this reason the circuit court of Du Page County properly dismissed the complaint and its decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE KLINGBIEL took no part in the consideration or decision of this case.