City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. 934 Willow Building Corporation, an Illinois Corporation, Defendant-Appellant.

Gen. No. 48,509.

First District, Third Division.

March 28, 1962.

Schmetterer & Schmetterer, of Chicago (Samuel Schmetterer and Jack B. Schmetterer, of counsel), for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant 934 Willow Building Corporation appeals from a decree requiring it to deconvert certain property pursuant to statutes hereinafter referred to.

The property in question was purchased by Santo Signa in 1943. At that time the premises consisted of two stores and seven or eight apartments. The next year Signa had the property converted into thirty-four or thirty-five units. Later more were added and there are now thirty-nine. Subsequently Signa sold the property to defendant, of which corporation he is president. In 1957 defendant entered into an agreement for the sale of the premises to the Willow Bissell Building Corporation (hereinafter referred to as Willow Bissell) for the sum of $75,000. The agreement was recorded a month and a half after the sale. The bona fides thereof is not questioned. It provides for a down payment of $12,000, delivery of a warranty deed to an escrowee, payment of the balance in monthly installments of $550 for sixty months and thereafter of $500 for the remaining eighty-three months, and delivery of the deed to Willow Bissell when the balance owed had been reduced to $45,000. The sale was made subject to zoning and building ordinances. It appears from the record that since the sale, Willow Bissell has been in possession, control and operation of the premises.

74

In 1960 the city brought the instant action against defendant, but did not make Willow Bissell a party. It alleged numerous building and zoning violations, set out a section of the Cities and Villages Act (Ill Rev Stats, c 24, § 23-70.3 (1959)) providing for relief where a building fails to conform to minimum standards of health and safety as set forth in applicable ordinances, and requested the appointment of a receiver to bring the premises into compliance with the city ordinances or, in the alternative, for a mandatory injunction requiring such compliance. The matter was referred to a master in chancery for hearing on the legality of the 1944 conversion. He found that the conversion had been made without a building permit. The chancellor overruled exceptions to the master's report and ordered that the premises be deconverted.

Defendant makes several points in its appeal. The conclusion we reach on one of these points renders discussion of the remainder unnecessary. This point is that the decree is improper because the city failed to join Willow Bissell as a party defendant. The section of the statute referred to in the complaint (Ill Rev Stats, c 24, § 23-70.3 (1959)) specifies that when a building fails to conform to certain minimum standards of health and safety, an injunction requiring compliance may be sought if the *owner or owners* fail to cause their property so to conform. While this section was specified in the complaint, evidence taken at the hearings relates mainly to the conversion, allegedly without a permit, and the present use as contrary to the zoning provisions now in force. Apparently for this reason the city emphasizes in its brief yet another section of the act. This section (Ill Rev Stats, c 24, § 73-9 (1959)) provides for an injunction to restrain, correct or abate such acts as conversion violative of the article and the ordinances and regulations made pursuant thereto. Unlike the other

75

section, it does not specify against whom action shall be brought.

■■ It is necessary to consider the relative legal status of the vendor and vendee before the law. The general rule is that upon execution of a contract to sell land, the vendee receives an equitable estate in the land, subject to the seller's lien for payment of the purchase price. This is the doctrine of equitable conversion and at least as between vendor and vendee, equity regards the vendee as the owner of the land. Wahl v. Fairbanks, 405 Ill 290, 90 NE2d 735; Mackey v. Sherman, 263 Ill App 109; Lancey v. Traubel, 247 Ill App 265.

■ Where a purchaser has been permitted to take possession of premises under a contract to purchase and is not in default, he has a complete defense to an action of ejectment by the vendor. Neil v. Kennedy, 319 Ill 75, 149 NE 775; Daniels v. Smith, 252 Ill 222, 96 NE 902; Hutchinson v. Coonley, 209 Ill 437, 70 NE 686. While the agreement in the instant case does not specifically grant the purchaser the right to possession, it does state that in case of default, the vendor shall have the right to re-enter and take possession, and by fair construction this indicates that the purchaser was to take possession. Davidson v. Dingeldine, 295 Ill 367, 129 NE 79. Furthermore, Signa's testimony that since the sale, defendant has not been in possession, operation or control of the property, but rather that it has been operated, managed and controlled by Willow Bissell's agent, is uncontradicted. Defendant is not in possession and is not entitled thereto as long as Willow Bissell performs its obligations. Defendant not being in possession or entitled thereto, the court cannot require it nor in fact enable it to take possession for the purpose of deconverting. Willow Bissell should have been made a party defendant.

■ The building code recognizes that the situation here presented is one of the problems involved in enforcement of the code. It provides that:

> ". . . the owner . . . and any other person managing or controlling a building . . . shall be liable for any violation therein. . . . Wherever used in said provisions of this code, the 'owner' shall include any person entitled under any agreement to the control or direction of the management or disposition of the building. . . ." Chicago Municipal Code, § 39–2 (1959).

It is undisputed that Willow Bissell was in possession and control. Such a party is liable for violation of the ordinance. Chicago v. Campbell, 27 Ill App2d 456, 170 NE2d 19. But it cannot be penalized for such violation without its day in court. The city cites Chicago v. Mandoline, 26 Ill App2d 480, 168 NE2d 784, in support of its position. That was not a suit in chancery to compel a deconversion. There, both seller and buyer were tried for building violations. The vendor was convicted and appealed. The court held that not only was he the legal owner, but under the articles of agreement, the vendor had complete control of the property and the purchaser had no control and no right, title or interest, legal or equitable, in the premises. He had no right to record his interest, to sublet without permission, or to make repairs that would constitute a lien on the premises, and he had to submit to the seller every contract, together with the plans, for any improvement. Here, the suit is not one for a fine or penalty, but for the performance of an act which cannot be performed without the participation of Willow Bissell, nor can there be a complete determination of the controversy without that party.

■ ■ Where his presence is needed for such determination, the court may direct that a person be brought in as a party. If a person has an interest or

title which the judgment may affect, the court on application shall direct him to be made a party. Ill Rev Stats, c 110, § 25(1) (1961). Willow Bissell is such a party. When objection is made or the lack of such a party is otherwise brought to the attention of the court, either originally or on appeal, the court should not proceed further until the omission has been corrected. Oglesby v. Springfield Marine Bank, 385 Ill 414, 52 NE2d 1000; London & Lancashire Indemnity Co. v. Tindall, 377 Ill 308, 36 NE2d 334; Texas Co. v. Hollingsworth, 375 Ill 536, 31 NE2d 944; Schumacher v. Klitzing, 353 Ill 530, 187 NE 458. Indeed the court will so act even if no objection is made. St. Clair County Housing Authority v. Southwestern Bell Tel. Co., 387 Ill 180, 56 NE2d 357; Gaumer v. Snedeker, 330 Ill 511, 162 NE2d 137. The chancellor should have directed that Willow Bissell be made a party defendant.

■ Nothing we have here said should be construed as holding that defendant was not a proper party in joinder with Willow Bissell. Its interest and its right to resume possession, while contingent, is such as to make it a proper party and warrants holding it in the case until disposition thereof.

The decree is reversed and the cause is remanded in order that plaintiff may make Willow Bissell a party defendant, and for such other and further proceedings as are not inconsistent with the views herein expressed. If plaintiff does not do so within such time and upon such conditions as the chancellor may direct, the suit shall be dismissed. The costs on appeal are taxed against plaintiff. Other costs of the proceeding shall abide the ultimate disposition of this case.

Decree reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.