THE VILLAGE OF SCHAUMBURG, Plaintiff-Appellant, *v.* KINGSPORT VILLAGE, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 81-1634

Opinion filed May 25, 1982.

Jack M. Siegel, of Chicago, for appellant.

Schwartz, Ginsberg & Meister, of Chicago, for appellees Kingsport Village, Inc. and Nathan Green.

Marks, Katz, Randall, Weinberg & Blatt, of Chicago, for appellee Ridge Development Corporation.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:
This cause consists of two actions brought in equity by the Village of Schaumburg (the Village) against Kingsport Village, Inc., and Ridge Development Corporation, both of which are residential housing developers. The Village sought to compel the two developers to comply with certain provisions of the municipality's building code. The Village's amended complaints, which sought injunctions and specific performance, were dismissed by the trial court. The cases were heard together although they were not formally consolidated until entry of the dismissal orders. The Village appeals.

The Village's amended complaints allege that Kingsport constructed at least 10 residences and Ridge at least 36 residences, all within the Village of Schaumburg, which violate provisions of the local building code relating to driveways and concrete work. The Village had previously filed suits under the building code seeking monetary damages for the violations. By the time the instant suits in equity were filed, the developers had transferred title to the subject properties to the individual homeowners. These homeowners were not named in the equity actions.

Under counts I and II of the amended complaints, the Village sought mandatory injunctions requiring the developers to repair and in some cases rebuild certain driveways and concrete areas so such driveways and concrete areas would comply with the Village's building code. The Village based count III of its amended complaints on section 11—31—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—31—2), which permits municipalities in certain instances to apply for injunctions

requiring compliance with the municipality's ordinances. Under count IV, the Village sought specific performance of the representations the developers had made in their applications for building permits.

The developers filed similar motions to strike and dismiss the amended complaints. The motions were heard together. Following submission of written memoranda and oral argument, the trial court dismissed the Village's amended complaints. The court found that there was no authority in Illinois for a municipality to sue a contractor for the correction of work performed on behalf of one of its citizens. If sidewalks and driveways are not properly constructed, the Village's action is against the property owner, not the contractor. While the owner may have a cause of action against the contractor, the Village may not substitute itself for the owner. The court also held that a building permit is not a contract between a village and a contractor but is "akin to a license to do certain things within the [village]." If those things are not done properly, the traditional remedy of fines is specifically made available in the local ordinances.

The court also held that while equity has authority to force compliance with safety codes, "all of those cases are cases where the city is suing the owner of the property." Where a contractor has not complied with the codes, the city or village has "a wide array of weapons available, a suit in equity for a mandatory injunction, however, is not one of these weapons." If the Village believes that the remedies set forth in the ordinances are inadequate, the ordinances should be amended. The court concluded that since the developers were not the owners of the properties in issue, there was no privity. Additionally, there was no emergency and the Village had an adequate remedy at law. The motions to dismiss the amended complaints were therefore granted.

The Village's first contention on appeal is that the amended complaints should not have been dismissed because, according to the Village, it has the traditional right to seek a mandatory injunction against the developers to compel compliance with the Village's building code. The Village's next contention, which will be treated with the first, is that it has the right to secure equitable relief against building contractors who fail to comply with the municipality's building code.

We find it unnecessary to discuss generally the scope and powers of equity courts. The basis for the trial court's decision in the case at bar is that the developers (defendants) were not the owners of the subject properties at the time the mandatory injunctions were requested. The focus of this appeal is therefore whether the developers' nonownership of the properties in issue should affect the right of the Village to seek mandatory injunctions compelling work to be done on those properties.

The Village has failed to cite any authority, nor have we uncovered

any authority, which permits the issuance of a mandatory injunction against a nonowner of the property which is the subject of the injunction. The chief case relied on by the Village (*City of Chicago v. Larson* (1961), 31 Ill. App. 2d 450, 176 N.E.2d 675) merely held that a *non*-mandatory injunction could issue to prevent the resident manager of an apartment building from interfering with a city inspection of the building. The facts of the *Larson* case are critically different from the facts of the instant case. Here, the Village seeks to have nonowner developers, who have no control over the subject property, ordered to enter onto another's property and repair allegedly faulty construction.

In *McMechan v. Yenter* (1922), 301 Ill. 508, 134 N.E. 39, the plaintiffs in error sought a mandatory injunction ordering removal of a tile drain which allegedly damaged surrounding lands. The Illinois Supreme Court held that all parties having a substantial legal or beneficial interest in the subject matter of the litigation and who will be materially affected by the decree must be made parties to the litigation. (301 Ill. 508, 511.) The action there was remanded to the trial court because the plaintiffs in error failed to name the commissioner of highways, whose approval was required to remove the drain, as a party defendant. The court held that if the commissioner was not made a party defendant, the suit should be dismissed. 301 Ill. 508, 512; see *Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 683, 320 N.E.2d 132.

■■ In the instant case, the owners of the property in question were not made parties to the suit. To claim that their presence is not necessary for the performance of the relief sought by the Village is untenable. It is on their properties that the Village seeks to have the repair and replacement work done. The Village's contentions are without merit.

In addition to its claim for traditional equitable relief, the Village asserts that it has a statutory right to a mandatory injunction. Section 11—31—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—31—2) reads, in pertinent part:

> "If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the *owner or owners* of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance." (Emphasis added.)

■■ The trial court found, and we agree, that the clear language of this statute restricts such equitable relief to actions against *owners* of prop-

erty. The Village argues that the wording of the statute requires only that the owners be given notice of a failure to conform, and that the equitable relief can be sought against any appropriate party, even nonowners. We find the Village's interpretation contrary to the plain meaning of the statute: if a property owner fails to conform his property to the applicable standards, a municipality may seek an injunction or other equitable relief against that owner in order to secure compliance.

In *City of Chicago v. 934 Willow Building Corp.* (1962), 36 Ill. App. 2d 72, 183 N.E.2d 572, the city brought an action pursuant to section 23—70.3 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1959, ch. 24, par. 23—70.3) to deconvert certain property, alleging building and zoning violations. As with section 11—31—2 in the present case, section 23—70.3 permitted the city to seek an injunction "if the owner or owners fail to cause their property so to conform." (36 Ill. App. 2d 72, 75.) Prior to the filing of the action in *934 Willow*, the defendant (the original convertor of the property) conveyed the property to another corporation. The second corporation, which was in possession and control of the property, was not made a party to the deconversion action. The appellate court ruled that the action could not proceed without the current owner of the property being made a party defendant. The facts in the case at bar are strikingly similar. The owners of the properties, who were and are in possession and control of those properties, were not made parties to the actions. Because of this, the trial court could not properly issue the mandatory injunctions sought by the Village.

The Village's final contention on appeal is that the building permits were issued to the two developers based on their representations that the constructions, including the work on the driveways and concrete areas of the projects, would be completed in accordance with all applicable building ordinances. The Village argues that the developers' breach of these representations gives rise to a cause of action for specific performance.

■■ The existence of a clear, certain and unambiguous contract is a prerequisite to granting specific performance. (*Milani v. Proesel* (1958), 15 Ill. 2d 423, 430, 155 N.E.2d 38.) The Village's assertion that the building permits and the applications for those permits constitute such contracts is without support. As the trial court stated, a building permit is more akin to a license to do certain things within a city. If the terms of the building permit are not complied with, the ordinances providing for the permits set out the remedies available, *i.e.*, monetary fines. The Village's contention is therefore without merit.

The trial court's dismissal of the amended complaints, which fail to name the property owners as parties, is affirmed. This cause is remanded to the trial court to allow the Village to add the individual property

owners as parties. If these property owners are not named as parties, the cause should be dismissed.

Affirmed; remanded with direction.

DOWNING and PERLIN, JJ., concur.