THE VILLAGE OF SCHAUMBURG, Plaintiff-Appellant, *v.* KINGSPORT VILLAGE, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 82—3040

Opinion filed February 21, 1984.

Jack M. Siegel, of Chicago, for appellant.

Frankel, McKay & Orlikoff, of Chicago (Jerome Meister, of counsel), for appellees Kingsport Village, Inc., and Nathan Green.

Marks, Katz, Randall, Weinberg & Blatt, of Chicago (Stuart D. Gordon, of counsel), for appellee Ridge Development Corp.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff village of Schaumburg instituted this mandatory injunction action against defendants Kingsport Village, Inc.; Ridge Development Corporation; and various Schaumburg homeowners. Kingsport Village and Ridge Development filed motions to dismiss which were granted, and plaintiff appeals.

Defendant developers are responsible for constructing at least 46 residences in the village of Schaumburg which plaintiff claims violate its building code. These alleged violations have resulted in cracked driveways and defective concrete work around the residences in issue. The developers ultimately sold these residences to various homeowners who are named defendants in this action. This is the second time this matter has been before us. In the first suit, plaintiff filed separate actions against the defendant developers only, seeking a mandatory injunction which would compel them to repair their defective work and make the residences conform to the building code. The suits were consolidated and dismissed on defendants' motion, and plaintiff appealed.

On appeal, we stated that it was apparent that the trial court had dismissed the complaints because of plaintiff's failure to join the homeowners as party defendants. (*Village of Schaumburg v. Kingsport Village, Inc.* (1982), 106 Ill. App. 3d 1055, 1057, 436 N.E.2d 677.) The sole issue addressed by us with respect to the injunction count was "whether the developers' nonownership of the properties in issue should affect the right of the Village to seek mandatory injunctions compelling work to be done on those properties." (106 Ill. App. 3d 1055, 1057.) We ruled that a mandatory injunction could not issue

if the property owners were not made parties to the action. Our mandate stated:

> "The trial court's dismissal of the amended complaints, which fail to name the property owners as parties, is affirmed. This cause is remanded to the trial court to allow the Village to add the individual property owners as parties. If these property owners are not named as parties, the cause should be dismissed." 106 Ill. App. 3d 1055, 1059-60.

On remand, plaintiff joined the property owners as party defendants pursuant to section 2—405 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—405). The relief sought against them, however, was limited to a prayer that they be ordered to allow defendant developers onto the property for the purpose of effecting repairs. The prayer for a mandatory injunction was directed only toward the developers. Defendant developers' motion for a dismissal of the complaints was granted and plaintiff again appeals.

Plaintiff first contends that it complied with this court's previous mandate by joining the property owners as party defendants and that therefore, the trial court's dismissal of its action was improper. Plaintiff argues that by remanding the matter and directing that the property owners be "joined," we were indicating that the prayer for mandatory injunction was properly directed at the developers. Defendant developers assert, however, that we previously held that a mandatory injunction that certain work be done on a given tract of land could only be directed toward the property owners.

■ To the extent that our prior decision in this matter implies that the village could properly seek a mandatory injunction against the developers, it was improvidently phrased. The intended thrust of our decision was that, under the circumstances presented, "a mandatory injunction [could not issue] against a nonowner of the property which [was] the subject of the injunction." (106 Ill. App. 3d 1055, 1058.) Our reasons for such a conclusion were twofold: First, because the village failed to show that criminal sanctions available to it would not prompt the developers to act, and second, because the village had failed to seek statutory injunctive relief available to it.

The criminal sanctions which the village failed to utilize are embodied in the penalties provision of article VIII of Ordinance No. 268 of the village of Schaumburg:

> "(a) Any person who shall violate a provision of this Ordinance or fails to comply therewith or with any of the requirements thereof, or who shall erect, construct, alter or repair, or has erected, constructed, altered or repaired a building or structure

or portion thereof, in violation of a detailed statement of plan submitted and approved thereunder, or of a permit or certificate issued thereunder, shall be guilty of a misdemeanor punishable by a fine of not less than twenty-five dollars ($25.00) nor more than five hundred dollars ($500.00), or by imprisonment not exceeding six months, or by both such fine and imprisonment, in the case of a first offense; and by a fine of not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) or by imprisonment not exceeding six months, or by both such fine and imprisonment, for each and every subsequent offense.

* * *

(c) Each day that a violation continues shall be deemed a separate offense."

Under this provision, the village could subject defendant developers to a $500 fine and six months' imprisonment for *each* offense, with each day of a continuing offense constituting a new offense. The briefs in the instant case indicate that plaintiff filed a criminal complaint against the developer defendants under the aforementioned ordinance, but, for some unexplained reason, failed to pursue the prosecution to final judgment. It would seem likely that the imposition of a daily fine of up to $500 against the defendant developers for each day they fail to bring the properties in question up to code standards would be an effective means of inducing the developers to act, thereby accomplishing the ultimate relief sought by plaintiff in the instant action. Until it has been established that the criminal penalties provided in the ordinance quoted above will not prompt the developers to act, an injunction should not issue. See *City of Chicago v. Festival Theatre Corp.* (1982), 91 Ill. 2d 295, 313, 438 N.E.2d 159 (criminal prosecution not shown to be inadequate remedy—injunction wrongly issued).

The village has also failed to pursue the remedy available to it under section 11—31—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 11—31—2). Section 11—31—2 authorizes a municipality to secure a mandatory injunction against a property owner who fails, after notice, to correct ordinance violations on his property. Thus, in the instant case, plaintiff is authorized by statute to secure a mandatory injunction against the owners of the properties in issue to compel them to bring their properties into conformance with the building code. This, in turn, would leave the property owners to pursue whatever remedy they might have against the developers for their faulty construction work.

Plaintiff, however, for reasons which are not apparent, insists upon securing injunctive relief against only the developers. It is not clear under what authority plaintiff bases its insistence on pursuing a particular defendant. In any event, it is clear that the village may use an injunction to force compliance with a building code only when such means are necessary to protect the health and safety of the community as a whole. (*Cf. People ex rel. Terp v. Washingtonian Home* (1935), 361 Ill. 522, 525, 198 N.E. 721 (public official is appropriate party to enjoin public injury).) If the village has concluded that the interests of the community as a whole require that the properties in issue be brought up to code, it should be left to pursue the available statutory remedy designed to accomplish that end.

For the reasons expressed herein, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.